LOUISA A. HAUSLER, Admx., Appellee, vs. THE COMMON-
WEALTH ELECTRIC COMPANY, Appellant.

*Opinion filed April 23, 1909—Rehearing denied June 3, 1909.*

1. NEGLIGENCE—*electric company must use care commensurate
with the danger.* A person or company engaged in the business of
supplying electric current is bound to know the dangers incident
to the use of electricity in a public street or alley, and must use a
degree of care commensurate with the danger incident to its use
to guard against accident.

2. TRIAL—*when refusal to take case from jury is proper.* Re-
fusal to take the case from the jury is proper where there is evi-
dence tending to show that the plaintiff's intestate was a telephone
lineman engaged in stringing wires upon poles used jointly with
the defendant electric company; that defendant's wires were strung
on the top cross-arm; that deceased was on the ground, attempt-
ing to flip his wire over the lower cross-arm, when it came in con-
tact with an uninsulated joint in defendant's wire; that the lack
of insulation could not readily be seen from the lineman's position,
and that insulation of defendant's wires was required by ordinance.

3. APPEALS AND ERRORS—*when alleged error in overruling mo-
tion in arrest cannot be availed of.* Alleged error in overruling a
motion in arrest of judgment cannot be availed of in the Supreme
Court where it is urged there for the first time, without any assign-
ment of error on such ruling having been made either in the Ap-
pellate Court or the Supreme Court.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. ROBERT W. WRIGHT,
Judge, presiding.

E. E. GRAY, F. J. CANTY, and J. C. M. CLOW, for ap-
pellant.

W. S. JOHNSON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the supe-
rior court of Cook county by the appellee, Louisa A. Haus-
ler, administratrix of the estate of her deceased husband,

John H. Hausler, against the appellant, the Commonwealth Electric Company, to recover damages for the death of said John H. Hausler, alleged to have been sustained by reason of the negligence of the appellant. The declaration contained five counts and the general issue was filed. The jury returned a verdict in favor of the appellee for $3000, upon which the court rendered judgment, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

In the brief filed in this court by appellant no claim is made that the trial court erred in the admission or rejection of evidence or in its rulings upon the instructions, the only objection urged as ground of reversal which this court can consider being that the trial court erred in declining to take the case from the jury at the close of all the evidence. In passing upon that question this court cannot weigh the evidence, but if there is evidence in the record fairly tending to support the appellee's cause of action, as averred in her declaration, the judgment must be affirmed.

John H. Hausler, at the time of the injury which caused his death, was in the employ of the Chicago Telephone Company as foreman in charge of a gang of men who were engaged in stringing telephone wires upon a row of poles located in a public alley between Parnell and Norman avenues, in the city of Chicago. Said alley runs north and south and is crossed at right angles by Sixty-sixth place, which runs east and west. The poles north of Sixty-sixth place were in the exclusive use of the telephone company, and the poles south of Sixty-sixth place were in the joint use of the telephone company and the appellant. The poles south of Sixty-sixth place had two arms thereon, the wires of the appellant being strung upon the upper arms and those of the telephone company upon the lower arms. On the morning of the injury Hausler and his men went to the alley at Sixty-sixth place and placed their wagon in the alley north of Sixty-sixth place. The wire which they pro-

posed to string upon said poles was wound upon a reel located upon the rear end of the wagon. Under the direction of Hausler a workman took the end of the telephone wire and carried it up and fastened it to the arm of the first pole north of Sixty-sixth place. The wire was then unreeled and its end was taken by Hausler and carried south along the alley as it was unwound, until he had passed the first pole south of Sixty-sixth place, which was a combination pole. From a position some distance south of said pole he flipped the wire onto the lower arm upon said pole. He then carried the wire south as it was unwound, until he had passed some distance south of the second pole south of Sixty-sixth place, which was also a combination pole, when he attempted to flip the wire over the lower arm of that pole, and in so doing the wire which he held, at a point about half way between the first and second poles south of Sixty-sixth place, looped over the wire of the appellant, which was strung to the upper arms of said poles and which sagged at that point. The wire of appellant at the point where it was crossed by the wire which was held by Hausler was not properly insulated, the result of which was, as the wires crossed at that point the current of electricity with which appellant's wire was heavily charged passed over the wire held by Hausler and instantly killed Hausler and the workman at the wagon who was reeling off the wire as Hausler carried it south along the alley.

There was an ordinance in force in the city of Chicago by virtue of which the appellant was authorized to erect its poles and string its wires in said alley, which provided that the appellant should keep properly insulated all wires owned and operated by it, and that all overhead wires used by the appellant should be protected by guard wires or other suitable mechanical devices. The wire of appellant at the point where the injury took place was not protected by guard wires or other suitable mechanical devices. The evidence tends to show that a wire similar to that in use by appellant

at the place where Hausler was killed, when properly insulated, is free from danger from the contact therewith of other wires, but if it is not properly insulated there is great danger of injury to a person holding a wire which comes in contact with a wire charged with electricity, as was the wire of appellant at the time Hausler was killed. The part of the wire of the appellant which was not properly insulated was at a joint in the wire, and the wire at that point was of the same size and color as other portions of the wire and was some thirty feet from the ground above Hausler when he passed beneath said joint, and the defective insulation thereof would not readily be observed by a person passing beneath the wire.

We think it clear from the foregoing statement of facts that this court cannot say, as a matter of law, that the appellant was not guilty of negligence in permitting said joint to remain exposed in a public alley of the city of Chicago, and between two poles upon which, immediately beneath said wire, it was known to the appellant that the employees of the telephone company would be required, in the course of their employment, to string the wires of the telephone company, or that Hausler, as a matter of law, can be said to have been guilty of such contributory negligence as to bar a recovery. Electricity is a silent, deadly and instantaneous force, and a person or company handling it is bound to know the dangers incident to its use in a public street or alley, and is bound to guard against accident by a degree of care commensurate with the danger incident to its use. (*Rowe* v. *Taylorville Electric Co.* 213 Ill. 318.) We do not think the trial court erred in declining to take the case from the jury.

It is also urged in this court that the trial court erred in overruling the motion in arrest of judgment made by the appellant. That question seems to have been raised in this court for the first time and without the ruling of the court

upon that motion having been assigned as error in this or the Appellate Court. Such practice is not permissible.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*