Walter R. Swan and Wilbur B. Cooper, Administra-
tors, Appellees, v. Boston Store of Chicago, Appel-
lant.

Gen. No. 17,748.

1. ELEVATORS—*instructions.* Where a boy five years of age in
the charge of his mother fell down an elevator shaft when he at-
tempted to leave an elevator, it is error to instruct the jury that
the mere fact that he, or the one having him in charge, was mis-
taken as to the floor when attempting to get off the elevator, will
not defeat recovery.

2. DEATH—*excessive damages.* A verdict for $10,000 for the
death of a boy five years of age is not in itself so excessive as to
warrant reversal if fixed under proper instructions, where the par-
ents of the deceased are in humble circumstances and the boy would
naturally have been put to work as soon as he could earn any-
thing.

3. DAMAGES—*pecuniary aid by child.* It is a matter of common
observation that children of parents in humble circumstances
usually give their parents more pecuniary aid than children of
those in better circumstances.

4. DEATH—*when remarks of counsel and instructions prejudicial.*
In an action for the death of plaintiff's intestate, a boy five years
of age, who fell down an elevator shaft in a store, remarks of
counsel that no minimum recovery is fixed but that the court would
instruct the jury that a maximum of $10,000 is fixed, referring to
the cold, heartless manner of defendant's counsel, to the "bargain
counter tactics" of the defense, and to the loss of the parents which
all the wealth of the state could not compensate, are prejudicial
where followed immediately by instructions charging that in de-
termining the amount of damages the jury should use their own
judgment under the evidence and instructions, and that $10,000
is fixed as a maximum but no minimum is fixed.

5. APPEALS AND ERRORS—*when "substantial justice" rule not ap-
plied.* On appeal counsel is not entitled to the application of the
rule that alleged errors should not reverse since "substantial jus-
tice" appears to have been done, where his own improper remarks
in argument caused the substantial justice of the case to be clouded.

Appeal from the Circuit Court of Cook county; the Hon. EDWARD
M. MANGAN, Judge, presiding.   Heard in the Branch Appellate
Court at the October term, 1911.   Reversed and remanded.   Opinion
filed February 13, 1913.   Rehearing denied February 27, 1913.

WINSTON, PAYNE, STRAWN & SHAW and MOSES, ROSENTHAL & KENNEDY, for appellant; EDWARD W. EVERETT, of counsel.

FREDERICK Z. MARX, for appellees.

MR. JUSTICE FITCH delivered the opinion of the court.

This is an appeal from a judgment for $10,000 entered upon a verdict finding appellant guilty of wrongfully causing the death of Eugene Swan, a boy five years old. At the time of the accident the boy, in company with his mother and two sisters, was in a passenger elevator in appellant's department store in Chicago. They had entered the elevator on the ground floor, telling the operator as they entered that they "wanted to get off at the studio, on the eighth floor." They stood together, facing the door, the boy holding his mother's hand. In going up, the elevator stopped once or twice to take on and let off passengers. When it reached the seventh floor it stopped again, the folding doors opened, and a letter carrier and a young man stepped out of the elevator. Mrs. Swan and her children, thinking they had reached the eighth floor, moved towards the open door. The boy let go of his mother's hand, placed his hand on her arm, and stepped out of the elevator with one foot. As he did this, the elevator started up and the boy fell down the shaft, sustaining injuries from which he died.

The essential facts are not controverted, though counsel disagree as to the conclusions to be drawn therefrom. Appellant's counsel contended in the court below that the boy's mother was guilty of negligence contributing to the injury, and that the evidence is consistent with the theory that the boy stepped wholly out of the elevator at the seventh floor and then, realizing his mistake, attempted to get back and in doing so, fell down the shaft. As we have reached the conclusion that a new trial should have been granted on account of prejudicial errors in instructions and

improper remarks of plaintiff's counsel during the arguments to the jury, we refrain from expressing any opinion upon the facts.

By the fifth instruction given to the jury, they were informed that it was "immaterial" that the boy, or those having him in charge, intended, when they entered the elevator, to get off at a floor other than the one where the accident occurred, and that "the mere fact * * * of mistaking the floor by said Eugene E. Swan or those having him in charge * * * when attempting to get off said elevator, will not defeat a recovery for damages herein." While it may be true, as stated by this instruction, that the mere fact that the mother mistook the seventh floor for the eighth, would not, of itself, defeat a recovery, yet it was a circumstance proper to be considered by the jury, in connection with all other facts and circumstances in evidence, in determining whether the mother was guilty of negligence contributing to the injury. It has been repeatedly held that it is error to thus single out a particular fact appearing from the evidence and instruct the jury that any such fact alone is insufficient to warrant, or prevent, a recovery. Eckels v. Muttschall, 230 Ill. 462, 468; Weston v. Teufel, 213 Ill. 291, 300.

The amount of the verdict is the maximum amount that may be allowed in such cases as this. Yet while the verdict is very large, we are not prepared to hold that the mere fact that the jury "went to the limit" would be ground, sufficient in itself, to require a new trial, under the facts shown by the evidence. It is true, as urged by appellant's counsel, that the boy's parents were in humble circumstances, and it is a fair inference, at least, from the evidence, that the boys of this family would naturally be put to work as soon as they were capable of earning anything. It is a matter of common observation, however, that the children of such parents usually give more aid, in a pecuniary sense, to their parents than children of parents in better circumstances. Hence, it cannot be said that a ver-

dict for $10,000 in such a case is necessarily or inherently so excessive as to require a reversal, provided it appears that the jury fixed that amount under proper instructions as to damages, uninfluenced by any other consideration than that of awarding fair compensation for the pecuniary loss sustained by the next of kin. On the other hand, if it appears from the record that the jury may have been misled by instructions of equivocal meaning, or influenced by inflammatory appeals to their sympathies or prejudices, a verdict of that amount cannot justly be permitted to stand.

In the arguments to the jury, appellant's counsel undertook to tell the jury what elements were proper to be considered by the jury in fixing the amount of damages. He told the jury that all that could be recovered "is the actual money loss that the estate has sustained by reason of his death," eliminating all earnings prior to the boy's maturity, and taking into consideration his probable length of life, his surroundings and manner of living, his means of acquiring an education, his probable occupation and his probable earnings, and told the jury "we have to get at these damages in that way, that is, what this young man would have earned and received during his life, if he lived." To this argument plaintiff's counsel replied that the law fixes no minimum, and that the court will instruct the jury that the law does fix a maximum of $10,000; that the jury might be led to believe, from the "cold, icicle, heartless manner" in which defendant's counsel talked to the jury "that we should disregard the taking of human life, gentlemen, and then get out of it on the defense on the bargain counter style; but, gentlemen, the bargain counter tactics of the Boston Store will not prevail in the minds of an honest jury when it comes to the taking of human life. Now, gentlemen, the dream that the father and mother had of what Eugene would have amounted to, that is all gone. They, in their old days, will look back and simply have

a memory of what Eugene would have, what he could have been to them. That is the satisfaction they have, and even the wealth of the State of Illinois would not in any way compensate for the loss of the boy?''

Following this speech, the court instructed the jury that if they found the defendant guilty as charged, then they should assess the damages, and in determining the amount of such damages they should "use their own judgment, upon consideration of the evidence under the instructions of the court." The next instruction informed the jury "that the law in such a case as the present one does not fix a minimum amount of damages, but does fix a maximum amount of damages, and that such maximum is $10,000."

These remarks of plaintiff's counsel were highly improper. They were, in effect, an appeal to the prejudices and sympathies of the jurors, and an invitation to the jury to rebuke the alleged "bargain counter tactics" by returning a verdict for the limit permitted by the law. When followed immediately by the two instructions above mentioned, the effect could hardly be otherwise than prejudicial. By these instructions the court apparently sanctioned the appeal to the jury thus made by plaintiff's counsel. It is true that by other instructions, the jury were instructed that no damages could be recovered except for "the actual pecuniary loss sustained by the estate of Eugene E. Swan," and that nothing could be allowed for loss of companionship or society, or for the bereavement of the parents, but these instructions, in our opinion, did not remove the prejudicial effect of what immediately preceded. It is urged that even if error was committed in the respects noted, this court should disregard such error, for the reason that "substantial justice" appears to have been done. Counsel is not entitled to the application of the rule invoked by him, for the reason that by his own conduct he caused the substantial justice of the case to be clouded. We are reluctantly forced to the conclusion that appellant did not have

the fair and impartial trial which the law guarantees to every litigant.

As to the errors assigned in giving the second instruction, they can be so readily avoided on another trial that we deem it unnecessary to discuss or decide the same.

For the reasons indicated, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*