(No. 13013.—Judgment affirmed.)
BERTRAM HENRY STEDWELL, Defendant in Error, *vs.* THE CITY OF CHICAGO, Plaintiff in Error.

*Opinion filed April 21, 1921.*

1. MUNICIPAL CORPORATIONS—*city must guard against danger incident to lighting of streets with electricity.* A city is bound to know the dangers incident to lighting its streets with electricity and must guard against accidents by the exercise of a degree of care commensurate with the danger, as the business of lighting streets is not a purely governmental function.

2. NEGLIGENCE—*persons responsible for dangerous condition of attractive device will be liable although they do not own the device.* Where an attractive device is so located that in yielding to its allurement a child is brought in direct contact with a danger placed thereon by others, the persons responsible for creating the dangerous condition will be liable although they did not construct and do not own the device, and as to such persons the injured party cannot be considered a trespasser.

3. SAME—*question whether device is an attractive nuisance is for the jury.* The question whether a device is attractive to children in their sports and whether the probability of injury thereby is apparent are questions for the jury, as to which the judgment of the Appellate Court affirming that of the trial court is conclusive.

CARTWRIGHT, C. J., and DUNN and THOMPSON, JJ., dissenting.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, and WILLIAM H. DEVENISH, City Attorney, (ROBERT H. FARRELL, of counsel,) for plaintiff in error.

CHARLES C. SPENCER, and ALONZO M. GRIFFEN, for defendant in error.

Per CURIAM: Defendant in error, by his next friend, brought an action of trespass on the case in the circuit court of Cook county against the city of Chicago, the Sanitary District of Chicago, the Commonwealth Edison Company and the South Side Elevated Railroad Company to recover damages for personal injuries caused by reason of his coming in contact with an electric light wire carrying a high voltage of electricity owned by plaintiff in error, the city of Chicago, and used by it for the purpose of supplying current to arc lights in the streets of the city. This arc light wire stretched along the south side of Fortieth street and passed under an elevated railway structure extending over Fortieth street at the intersection of Langley avenue, along which street the elevated railway ran. At the intersection of Langley avenue and Fortieth street the wire dipped from poles twenty-five feet in height to brackets under the elevated structure, to which it was attached by means of glass insulators. These brackets were fastened by means

of wooden arms to the steel posts supporting the elevated structure. The distance from the wire so fastened to the surface of the street was approximately thirteen feet. The elevated structure was supported by means of iron posts set in concrete foundations. On two sides of these posts cross-pieces were attached from the foundation to the super-structure, giving the appearance of latticework. The wire in question passed within ten inches of certain of these steel supports on the south side of Fortieth street just over the sidewalk at the intersection of the streets and was what is known as No. 6 weatherproof standard arc light wire, the weatherproofing being a triple-braided cotton covering saturated with a weather insulating compound, designed for the purpose of protecting the wire from water, snow and ice but not sufficient insulation to protect persons coming in contact with the wire. The wire at the time of the accident carried approximately 4400 volts of electricity. The defendant in error was a boy eleven years and seven months of age at the time of the injury, and the evidence shows that he possessed the intelligence of a boy of that age. On the date of the injury, while playing "tag" at this place, he climbed up the latticework fastened to the side of the post to the top thereof. When he reached the top of this pillar he came in contact with this wire and was severely injured.

On the trial of the case the plaintiff dismissed the suit as to the Commonwealth Edison Company and the South Side Elevated Railroad Company. The jury rendered a verdict against the other two defendants. The court granted a new trial to the sanitary district and entered judgment against the city of Chicago, alone, for the sum of $25,000. An appeal was perfected to the Appellate Court for the First District, which affirmed the judgment of the trial court, and the case is brought here by the allowance of a writ of *certiorari.*

Plaintiff in error contends that in lighting its streets it was exercising its governmental function and therefore

not liable to anyone injured by coming in contact with wires used for that purpose. The point is conclusively settled contrary to the contention of plaintiff in error. (*Johnston v. City of Chicago,* 258 Ill. 494; *Dickinson* v. *Boston,* 188 Mass. 595; *Davoust* v. *City of Alameda,* 5 L. R. A. (N. S.) 536; *Fisher* v. *City of New Bern,* id. 542; 19 R. C. L. 1132.) The city of Chicago was therefore bound to know the dangers incident to lighting its streets with electricity and to guard against accidents by the exercise of a degree of care commensurate with the danger. (*Hausler* v. *Commonwealth Electric Co.* 240 Ill. 201; *Rowe* v. *Taylorville Electric Co.* 213 id. 318.) The wire where the injury occurred was underneath the elevated structure and within less than a foot of the steel support. There was evidence tending to show complete insulation was impracticable. The evidence further tended to show that such insulation as was used where the wire was strung had decayed or worn off in places.

On the merits of the case plaintiff in error contends that to authorize a recovery it was incumbent on defendant in error to prove that the wire was alluring to childish instincts for amusement; that plaintiff in error knew it would be made use of by children in play; that it was easily accessible to them and that injury might have been foreseen by the exercise of ordinary care. The wire was thirteen feet above the surface of the ground and it is argued was not attractive to children; that if anything was attractive to them it was the latticed pillar of the elevated railroad company. The pillar was there when the wire was strung by plaintiff in error and the wire was placed within ten inches of the top of the pillar. If the pillar, constructed as it was, presented an attraction and allurement to children to climb it in their play and they did so use it in their childish sports, and plaintiff in error placed the dangerous wire in such close proximity to it that in its play a child might come in contact with the wire and be injured, the fact

that the plaintiff in error did not construct or own the pillar would not, itself, relieve it from liability. Where an attractive thing is so located that in yielding to its allurement a child is brought in direct contact with a danger placed there by someone else, the person responsible for creating the dangerous condition will be liable. (*Seymour* v. *Union Stock Yards Co.* 224 Ill. 579; *McDermott* v. *Burke,* 256 id. 401; *Commonwealth Electric Co.* v. *Melville,* 210 id. 70; *Electric Light Co.* v. *Healy,* 65 Kan. 798.) Whether the pillar was so attractive to children in their sports as to suggest the probability of the accident was a question for the jury. (*City of Pekin* v. *McMahon,* 154 Ill. 141; *Stollery* v. *Cicero Street Railway Co.* 243 id. 290.) Plaintiff in error concedes there was testimony that children played "around these pillars." Under that state of the record the judgment of the Appellate Court is conclusive upon that question. The pillar and the cross-pieces on it, which gave it a ladder-like appearance, were not constructed by and did not belong to plaintiff in error. In using it in his play defendant in error was not a trespasser as to plaintiff in error. So far as it was concerned, defendant in error was rightfully on the pillar. *Commonwealth Electric Co.* v. *Melville, supra; Nelson* v. *Bramford Lighting and Water Co.* 75 Conn. 548; *Union Pacific Railway Co.* v. *McDonald,* 152 U. S. 262.

There is no error of law in the record which would justify a reversal of the judgment by this court. The controverted questions of fact were, so far as this court is concerned, conclusively settled by the judgment of the Appellate Court.                    *Judgment affirmed.*

CARTWRIGHT, C. J., and DUNN and THOMPSON, JJ., dissenting.