(No. 17076.—Judgment affirmed.)
JAMES S. DEMING, Admr., Defendant in Error, *vs.* THE CITY OF CHICAGO, Plaintiff in Error.

*Opinion filed April 23, 1926—Rehearing denied June 3, 1926.*

1. NEGLIGENCE—*what questions are properly submitted to jury in action for death of child.* In an action against a city for the wrongful death of a child of nine years, who was electrocuted while climbing a tree in a public street, the questions whether the city was negligent in maintaining the wires as it did, whether the tree was so attractive to children as to suggest the probability of such an accident, and whether the deceased, considering his age and intelligence, was in the exercise of due care or whether his negligent conduct was the proximate cause of his injury, are proper to be submitted to the jury.

2. SAME—*duty of a city in placing electric wires in street.* In placing wires in a public street, which wires carry a heavy load of electricity, a city is bound to guard against accidents by the exercise of that degree of care commensurate with the danger incident to the use of such a dangerous agency.

3. SAME—*negligence of child between seven and fourteen years of age is a question for jury.* The question of the culpability of a child between the ages of seven and fourteen is an open question of fact and must be left to the jury to determine, taking into consideration the age, capacity, intelligence and experience of the child.

4. INSTRUCTIONS—*when an instruction in language of statute is sufficient.* An instruction given in the language of the statute must be regarded as sufficient and cannot be regarded as error where

the statute is pertinent to the issues in the case, and in an action for wrongful death it is not error to give an instruction in the language of the statute authorizing the action and fixing the limit of liability.

5. APPEALS AND ERRORS—*questions not raised in Appellate Court are waived.* In reviewing a judgment of the Appellate Court, questions raised for the first time in the Supreme Court will not be considered, as they are deemed waived if not presented to the Appellate Court.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. EMANUEL ELLER, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, and JOHN J. KELLY, City Attorney, (DANIEL V. GALLERY, of counsel,) for plaintiff in error.

CHARLES C. SPENCER, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This cause is here on *certiorari* to review a judgment of the Appellate Court affirming a judgment of the superior court against the city of Chicago for $10,000 in an action arising out of the death by electric shock of James L. Morris, Jr.

June 9, 1922, James L. Morris, Jr., a boy nine years and seven months old, was living with his father and mother and two younger brothers at 3437 North Claremont avenue, Chicago. Near his home was a poplar tree growing in a grass plot in the public street, where it had been for a number of years. It was about thirty or forty feet high, the lowest limb being six or seven feet above the ground. About twenty feet above the ground and about a foot from the trunk of the tree two wires about twelve inches apart ran through the branches of the tree. These wires, used by the city to carry electricity for lighting the streets, were

insulated with a composition cover, designed more for the protection of the wires from corrosion than for insulation. There were long spaces on the wires where the covering was worn away by contact with the branches of the tree. These wires carried 3150 volts of electricity. For several years sparks were frequently seen in the tree, particularly after a rain. About eight o'clock in the evening James was playing with other boys on the grass plot in the street. One of the boys was flying a kite, which became caught in the branches of the poplar tree and its tail wrapped around the wires. The owner of the kite left for home, saying that whoever wanted the kite could have it. James then climbed the tree for the purpose of getting the kite, and while he was in the tree attempting to get the kite he came in contact with one of the wires and was instantly killed.

This injury occurred in a tree in a public street and the deceased was, therefore, not a trespasser at the time he was killed. (*Stedwell* v. *City of Chicago,* 297 Ill. 486.) Plaintiff in error was bound, in placing in the street wires which carried a heavy load of electricity, to guard against accidents by the exercise of that degree of care commensurate with the danger incident to the use of such a dangerous agency. (*Hausler* v. *Commonwealth Electric Co.* 240 Ill. 201.) Whether the tree located in the public street was so attractive to children in their sports as to suggest the probability of such an accident as occurred, and whether the city was negligent in maintaining the wires as it did, were questions for the jury. (*Stedwell* v. *City of Chicago, supra.*) There was sufficient evidence of negligence to justify the court in submitting the case to the jury, and the motion to direct a verdict was properly overruled.

Plaintiff in error says that "contributory negligence is the outstanding feature of this case." The law is clearly established by great weight of authority that the question of culpability of a child between the ages of seven and fourteen is an open question of fact and must be left to the

jury to determine, taking into consideration the age, capacity, intelligence and experience of the child. (*Maskaliunas v. Chicago and Western Indiana Railroad Co.* 318 Ill. 142.) The evidence shows that the deceased was born November 7, 1912, in Chicago, and lived with his parents all his life; that he attended a public school three blocks from his home and had reached the fourth grade when he was nine years and seven months old; that he never had any serious sickness and that he was in good health; that his hearing and eyesight were good; that he was a normal child; that he lived in a closely built-up neighborhood; that at times he played in his own yard with his two younger brothers and at times played in the streets; and that at least one older boy with whom he played had climbed this same tree in the day time without injury. One of James' playmates saw him reach for the kite and saw the flash which killed him. From this evidence the jury were able to determine whether deceased was exercising the degree of care which an ordinary child of his age, experience, intelligence, capacity and discretion would have exercised under like circumstances. Whether deceased was in the exercise of due care at the time of the accident and whether his negligent conduct was the proximate cause of his injury were questions properly submitted to the jury under the evidence in this case.

Plaintiff in error complains of the following instruction given on behalf of defendant in error:

"The statute of the State of Illinois provides that whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, and in every such action the jury may give such damages as they

shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person not exceeding the sum of ten thousand dollars."

This instruction is substantially in the language of the statute authorizing the action and fixing the limit of liability. It merely informs the jury that the right to maintain an action for the wrongful death of a person is granted by statute and that the limit of the recovery is $10,000: Where an instruction is given in the language of a statute which is pertinent to the issues it must be regarded as sufficient. Laying down the law in the words of the law itself ought not to be pronounced error. (*Greene* v. *Fish Furniture Co.* 272 Ill. 148; *Mertens* v. *Southern Coal Co.* 235 id. 540; *Mt. Olive Coal Co.* v. *Rademacher,* 190 id. 538.) The jury were fully instructed on the measure of damages.

Complaint is made of an instruction given on behalf of defendant in error which is substantially the same as instruction No. 2 considered and approved in *Baltimore and Ohio Southwestern Railway Co.* v. *Then,* 159 Ill. 535, and *United States Brewing Co.* v. *Stoltenberg,* 211 id. 531. The instruction was properly given in this case.

Another instruction is criticised by counsel for plaintiff in error because in referring to deceased it uses the word "child," the contention being that a boy nine years and seven months old is no longer a child. We are not impressed with this hypercritical argument.

We have considered all of the questions which were presented to the Appellate Court. Questions raised for the first time in this court will not be considered. *United States Wringer Co.* v. *Cooney,* 214 Ill. 520.

All questions of fact have been concluded by the judgment of the Appellate Court, and finding no errors of law in the record we affirm the judgment.

*Judgment affirmed.*