## Howard C. Darsch, by H. G. Darsch, Appellee, v. Edward C. Brown, Appellant.

### Gen. No. 31,417.

1. NEGLIGENCE—*whether plank between second-story windows of houses under construction was dangerous attractive nuisance as question for jury*. Whether an unguarded plank between second-story windows of two houses under construction is dangerous or calculated to attract a child of tender years are fact questions for the jury in the father's action against the owner of the buildings to recover for the child's injury received through falling from the plank.

2. NEGLIGENCE—*sufficiency of evidence to warrant finding of injury to child by attractive nuisance*. In an action to recover damages for injuries received by a child of tender years received through falling from a plank placed between second-floor windows of two of defendant's buildings which were in the course of construction, where plaintiff testifies that the plank was visible from the street, that he had seen it before the day of his injury and had seen another boy use it, the jury

Darsch v. Brown, 244 Ill. App. 180.

is warranted in finding that plaintiff had been attracted by the plank, the unfinished buildings and the game of tag which was in progress there, notwithstanding plaintiff also testified that the first time he saw the plank the day of his injury was after he had reached the second floor and that what attracted him to the premises was the game of tag.

3. NEGLIGENCE—*liability of property owner for injury by dangerous condition maintained on premises to child attracted thereto by another instrumentality.* Where an owner of property maintains on his premises conditions and instrumentalities which, as a whole, could reasonably be expected to attract children in playing, he may be liable for injuries resulting to a child from them, notwithstanding the child was first attracted upon the premises by another instrumentality than the one causing the injury.

4. NEGLIGENCE—*when instruction on question of attractive nuisance not prejudicial.* Plaintiff's given instruction was not prejudicial in referring to "buildings, plank, material and equipment" under a declaration for injury to a child of tender years alleging both the open buildings and the plank from which he fell were attractive nuisances in respect to such children.

Appeal by defendant from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Affirmed. Opinion filed May 2, 1927.

JOHN M. BEVERLY and CHARLES E. GREEN, for appellant.

RALPH R. OBENCHAIN and HENRY POLLENZ, for appellee; OTTO ADE ARNSTON, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Howard Darsch, when slightly less than seven years of age, while playing in and about premises in the possession and control of the defendant, was injured. Suit was brought upon the attractive nuisance doctrine, and upon trial plaintiff had a verdict for $2,750, upon which judgment was rendered and from which defendant appeals.

Plaintiff, on November 3, 1923, the date of the accident, lived with his grandmother at 3730 North Albany

Avenue, Chicago. Three bungalows were being built by defendant across the street. They were about 12 feet from the sidewalk, were one story and an attic high, and the roofs were on. Men were working on them and they were in about the same stage of construction. The front porch, which was about five or six feet from the ground, was reached by a ladder. The buildings were a few feet apart, and a plank extended from the second-floor window of the first building to the second building, which was used by the workmen in crossing from one building to another. This plank could easily be seen from the street. Plaintiff had seen other children playing in the buildings before this time and had seen the plank and a boy go across it twice. On the day in question he saw the boys playing "It" or "Tag," and joined them in their play. One of the boys chased plaintiff around upstairs, and he ran out onto the plank, lost his step and fell about 30 feet to the ground; at the time he fell there were other children ready to follow him across the plank. The boy's leg was injured and he received medical treatment in a hospital. The extent of the injuries is not questioned. There is no evidence of any guard or barricade to keep children out of the building.

In any case where an injury results to a child from unguarded conditions upon the premises of another, the questions whether the premises are dangerous or whether they are calculated to be attractive to a child of tender years and liable to lead such a child into danger, are questions of fact for the jury. *City of Pekin v. McMahon,* 154 Ill. 141.

The argument that the verdict is against the law and the evidence is predicated upon the assertion that the plank from which plaintiff fell was not the instrument which attracted him to the premises; that he testified that the first time he saw it was when he was up in the building; and, therefore, the plank which was the proximate cause of the injury was not the thing which

attracted him, and there can be no liability under the rule laid down in *McDermott v. Burke,* 256 Ill. 401, and *Mindeman v. Sanitary Dist. of Chicago,* 317 Ill. 529. There are two answers to this: First, plaintiff testified not only that he could see the plank from the street, but that he had seen another boy go across it twice; that he saw the plank up there three weeks before the day of the accident. While plaintiff says that the first time he saw the plank "that day" was after he had climbed up the ladder to the second floor and that what attracted him over there was the boys playing, yet the jury could reasonably believe that plaintiff intended to be understood as saying that he was attracted by the boys playing tag in such inviting surroundings for the game—an unfinished building, ladders, and the plank by which to escape from one building to another. All these things attracted him.

The second answer is that, despite cases seemingly to the contrary, the more reasonable rule is that the fact that a child is first attracted upon the premises by another instrumentality than the one inflicting the injury is not decisive of liability. The question is whether the owner maintains conditions and instrumentalities which, as a whole, could reasonably be expected to attract children in playing and not whether the particular instrumentality inflicting the injury is the exclusive attraction. *Oglesby v. Metropolitan West Side El. Ry. Co.,* 219 Ill. App. 321, and cases there cited. The facts in the instant case come squarely within the decision of the court in *Ramsay v. Tuthill Bldg. Material Co.,* 295 Ill. 395, in which it is said:

"It is not necessary, to make a defendant liable, that the attractive and dangerous thing should be visible from the street and that children should have been attracted to the premises by it. If an owner maintains dangerous conditions upon his premises to which he permits children to come he must use ordinary care to guard them against danger which their youth and

ignorance prevent them from appreciating. There is no implied invitation from the mere existence of a dangerous attraction which is not discoverable off the premises, but if to the knowledge of the owner children habitually come upon his premises where a dangerous condition exists to which they are exposed, the duty to exercise care for their safety arises, not because of an implied invitation but because of his knowledge of unconscious exposure to danger which the children do not realize." See also *Stedwell v. City of Chicago,* 297 Ill. 486.

The jury was justified under the law and the facts in the case in returning its verdict, and we would not be justified in disturbing the same.

Complaint is made with reference to the instructions. The most serious fault with plaintiff's given instruction No. 4 is its undue length. The reference to the "buildings, plank, material and equipment" was perhaps verbose, but the declaration alleged that the open buildings and plank both were attractive to children of tender years. The giving of the instruction was not necessarily prejudicial, nor was the ruling of the court with reference to other instructions.

The verdict was proper and no errors occurred upon the trial which require a reversal, and the judgment is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.