Elinor Burns, Administratrix of the Estate of Robert E. Burns, Deceased, Appellee, v. City of Chicago, Appellant.

Gen. No. 32,394.

Opinion filed March 26, 1928.

SAMUEL A. ETTELSON, Corporation Counsel, and WILLIAM D. SALTIEL, City Attorney, for appellant; CHARLES M. McDONNELL, Assistant City Attorney, and ROY S. GASKILL and E. MARSHALL AMBERG, Assistant Corporation Counsel, of counsel.

CHARLES C. SPENCER and ARTHUR A. HOUSE, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Elinor Burns, as administratrix of the estate of Robert E. Burns, deceased, brought suit against the defendant to recover for the wrongful death of Robert E. Burns, who will hereinafter be referred to as the plaintiff. At the close of the plaintiff's case the defendant moved for a directed verdict in its favor. The motion was overruled. The defendant stood by its motion, and the cause was then submitted to the jury which returned a verdict in favor of the plaintiff for $4,000. Judgment was entered on the verdict and the defendant appeals.

The record discloses that about 8:30 o'clock on the evening of August 28, 1924, plaintiff, a boy eight years and three months of age, was playing with other boys around a steel tubular pole which was owned and controlled by the City of Chicago. The pole was about 26 feet high and from its top was suspended an electric wire and lamp, the lamp being used for lighting the street. The pole was in the street near the curb a short distance from where plaintiff lived. The boys had some street car transfers which in their play they used as money. They were betting who could climb the pole and bet that the plaintiff could not climb the pole and touch the lamp. Plaintiff accepted the challenge, climbed the pole and came in contact with the electric wire near the top, which carried about 3250 volts of electric current, received an electric shock, fell to the ground and was killed. The evidence further tends to show that for a considerable time prior to the accident the boys in the neighborhood had been climbing the pole, although apparently they had not climbed more than 15 feet from the ground.

The pole was tubular, about 26 feet high, and the wire with which plaintiff came in contact was about 25 feet above the ground. There was a collar at the base of the pole about a foot in height. About 3½ feet

above this collar there was a hole in the pole, which had originally been closed with a door, but the door had been removed some years before. Five feet 1 inch above this hole was a bracket extending from the side of the pole and from that point to the top there were brackets on each side of the pole which were used by the employees of the city as steps when taking care of the lamp in question. The evidence shows that the plaintiff used the collar at the base of the pole as a step, then put his hand in the hole and climbed up and when he reached the brackets or steps he used them in climbing to the top.

The defendant contends that no recovery can be had because "plaintiff was injured solely because of being a trespasser on the pole, without being lured or invited thereon by attractive or convenient appliances or fixtures," and in support of this a case is cited from Missouri and one from Kentucky. No Illinois authority is cited, and while the authorities cited by defendant we think sustain its contention, we are of the opinion that the law announced in Missouri and Kentucky is not in accord with the law as laid down by our Supreme Court. We think the question whether the plaintiff in climbing the pole, as disclosed by the evidence, was guilty of negligence, was a question for the jury. *Stedwell v. City of Chicago,* 297 Ill. 486; *Deming v. City of Chicago,* 321 Ill. 341; *Flis v. City of Chicago,* 247 Ill. App. 128; *Holmberg v. City of Chicago,* 244 Ill. App. 505. The city was bound to know the dangers incident to the maintenance of the pole in question used in the lighting of its streets with electricity and to guard against accidents by the exercise of a degree of care commensurate with the danger. *Hausler v. Commonwealth Electric Co.,* 240 Ill. 201. In the *Hausler* case it was said: "Electricity is a silent, deadly and instantaneous force, and a person or company handling electricity is bound to know the dangers incident to its use in a public street or alley, and is bound to

guard against accident by a degree of care commensurate with the danger incident to its use.''

In the instant case the accident happened in a public street, and therefore plaintiff was not a trespasser at the time he was injured. *Stedwell v. City of Chicago, supra; Deming v. City of Chicago, supra; Flis v. City of Chicago, supra.* Whether the pole in the street, with the hole in it a few feet above the base, with steps on each side of the pole a few feet above the hole, was so attractive to children in their sports as to suggest the probability of such an accident, and whether the city was negligent in maintaining the wires as it did, were questions for the jury. *Deming v. City of Chicago, supra.* While the question of liability in this case is a close one, yet we think that under the authorities above cited the case was one for the jury.

The defendant contends that the court erred in giving plaintiff's instruction No. 4, in that the instruction defined the care plaintiff was required to exercise as ''such care as was required of a child of his age, experience and intelligence,'' and that the instruction was wrong because it omitted the element of the capacity of the child. We think this contention is hypercritical and without merit. Plaintiff was eight years and three months old, and before a recovery could be had the jury must believe from the evidence that at the time in question he exercised such care and caution for his own safety as a child of his age, intelligence and experience would ordinarily exercise under similar circumstances. We think the word ''intelligence'' as used in the instruction includes the element of capacity. *Illinois Cent. R. Co. v. Slater,* 129 Ill. 91; *City of Chicago v. Keefe,* 114 Ill. 222. In Funk and Wagnall's New Standard Dictionary of the English language one of the definitions given of the word ''intelligence'' is ''capacity to know or understand,'' and Webster defines the word ''intelligence'' as ''the capacity to know or apprehend.'' We think the instruction was not im-

proper and are clearly of the opinion that the omission did not prejudicially affect the defendant in the instant case.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.