George Petrovic, Administrator of the Estate of William Petrovic, Deceased, Appellee, v. City of Chicago, Appellant.

### Gen. No. 32,983.

BARNES, J., dissents.

Heard in the second division of this court for the first district at the October term, 1928. Opinion filed February 14, 1929.

SAMUEL A. ETTELSON, Corporation Counsel, and WILLIAM D. SALTIEL, City Attorney, for appellant; STANLEY C. ARMSTRONG, GEORGE D. MILLS, Assistant City Attorneys, E. MARSHALL AMBERG and ROY S. GASKILL, Assistant Corporation Counsel, of counsel.

ANTON PECIVAL and H. H. PATTERSON, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

In an action against the City of Chicago to recover damages for negligently causing the death of William Petrovic, a boy of 8 years of age, on the evening of October 15, 1926, a jury returned a verdict finding it guilty and assessing plaintiff's damages at $10,000. On May 19, 1928, judgment in said sum was rendered against it and this appeal followed.

To plaintiff's declaration, consisting of two counts, the city filed a plea of the general issue and a special plea that at the time of the accident it "did not own, possess, control or have custody of the instrumentality that caused the injury." In both counts plaintiff alleged in substance that the city had possession and control of Allport Street, a public street, including the public sidewalk portion thereof that passed immediately in front of and flush with a certain building, known as 1808 Allport Street; that attached to the front of the building, and extending out and over the sidewalk, at a height of about 4 feet, there was a certain concrete receptacle or box for holding flowers, which had been there for about two months prior to the accident, and which during all of the time was loose, not securely fastened, and liable to fall down upon the sidewalk; that prior to the accident "children of tender years, when pedestrians upon the sidewalk or at play there, would and did frequently come in contact with said receptacle and swing upon and take hold of it"; and that the city during said time knew, or in the exercise of ordinary care should have known, of all of these facts and conditions. In the first count plaintiff charged that on said day, the boy, William Petrovic, 8 years of age, was upon the public sidewalk immediately in front of the building and in the exercise of due care for his own safety; that the city, not regarding its duty, "negligently and carelessly allowed and per-

mitted said receptacle to be and remain extending and protruding out, into and over said sidewalk''; and that, by reason thereof, said receptacle, as the boy came in contact with it, fell upon him and so injured him that he shortly thereafter died. In the second count the charge is that the city ''negligently and carelessly failed and omitted to cause said receptacle to be removed from said sidewalk or to be securely fastened to said building.'' In both counts plaintiff further alleged that the boy left him surviving, as his only heirs at law and next of kin, George Petrovic, his father (duly appointed administrator, etc.), Helen Petrovic, his mother, and John Petrovic, his brother, who have sustained pecuniary damage by reason of the death, and each of whom, at and before the time of the occurrence, was exercising due care for the boy's safety.

On the trial seven witnesses, called by plaintiff, testified as to the details of the accident. The city's motion for a directed verdict in its favor was denied, and, it electing not to introduce any evidence, the case was submitted to the jury solely on plaintiff's evidence.

The evidence disclosed the following facts in substance: The building, No. 1808 Allport Street, was erected flush with the concrete public sidewalk. Its main floor was used as a restaurant, which had a window looking out over the sidewalk. Underneath the sill, and extending out over the sidewalk for about 1½ or 2 feet, and at a height or distance from the sidewalk of about 4 feet, was a heavy box, made of concrete and used for holding flowers. It was about 8 feet long, about 1 foot high, narrower at the bottom than at the top, and was empty at the time of the accident. It rested upon iron brackets attached to the building but was not fastened either to the brackets or the building. Outer portions of the box extended beyond the outer edges of the brackets. Many pedestrians passed over the sidewalk and children were ac-

customed to play thereon near the building and box. Three witnesses testified that they frequently had seen children in their play taking hold of the box with their hands and swinging back and forth, and also climbing upon it so as to look into the restaurant through the window. These conditions had existed for 7 or 8 weeks prior to the accident, which occurred between 8 and 9 o'clock on the evening of October 15, 1926. At that time the deceased, aged 8 years, with his brother, John Petrovic, aged 11 years, was walking on the sidewalk near the building and box. They had not been there before. The deceased, seeing the box, took hold of it with both hands and, as he started to swing or climb up, it fell down upon him and he received injuries from which he shortly thereafter died.

The main contention of counsel for the city is in substance that, under the facts disclosed, there is no liability on the part of the city for the deceased's death. We cannot agree with the contention. The box, insecurely fastened to the building and extending out over the sidewalk, was a dangerous obstruction in a public street, particularly to children who, being rightfully upon the sidewalk and yielding to their childish instincts, might attempt to swing or climb upon the box. In *Hanrahan v. City of Chicago,* 289 Ill. 400, 405, it is said:

"The cities in Illinois hold their streets and alleys in trust for the public use, and they have no power to alien or otherwise incumber their streets and alleys by permitting the construction of permanent awnings or balconies over the same. (*Hibbard & Co. v. City of Chicago,* 173 Ill. 91; *McCormick v. South Park Com'rs,* 150 id. 516.) The weight of authority in this country is, that where the duty of keeping the streets in reasonably safe condition for travel by pedestrians using due care is vested in incorporated villages and cities, such duty requires such municipalities to remove all

obstructions and dangers below, on and above the surface of the streets, that are dangerous to travellers thereon, and that such obstructions include dangerous awnings and other overhead structures or fixtures. For failure to exercise due care in discovering and removing the same such municipalities are liable for personal injuries occasioned thereby.''

We think that under the evidence in the present case it was for the jury to say whether the city was guilty of negligence in permitting the box to remain where it was and in an insecure and dangerous condition for such a period of time as shown. And it is immaterial, as affecting the city's liability, that the box may have been owned and constructed by the owner of the building or the party who was conducting the restaurant business therein. (*Stedwell v. City of Chicago,* 297 Ill. 486, 490.) And we think that the question whether the deceased, aged 8 years, was guilty of contributory negligence in attempting to climb upon the box, was peculiarly within the jury's province to determine, they taking into consideration his age, capacity, intelligence and experience. (*Maskaliunas v. Chicago & W. I. R. Co.,* 318 Ill. 142, 150; *Deming v. City of Chicago,* 321 Ill. 341, 343.) There was no evidence tending to show that either of the boy's parents, or his said brother, was guilty of any contributory negligence.

And, in our opinion, there is no merit in counsels' further contention that the verdict and judgment are manifestly against the weight of the evidence.

And we do not think that the amount of the verdict, which is the maximum allowed by the statute, indicates that the jury were actuated by passion and prejudice, as counsel also contend. It does not appear that anything improper occurred upon the trial that might tend to arouse the passions or prejudices of the jury. Our Supreme Court and this Appellate Court have affirmed judgments upon verdicts in the same amount in similar

cases. (*Deming v. City of Chicago*, 321 Ill. 341; *Swan v. Boston Store*, 177 Ill. App. 349, 351.) We cannot say that the damages awarded are excessive.

Our conclusion is that the judgment appealed from should be affirmed and it is so ordered.

*Affirmed.*

SCANLAN, J., concurs.

BARNES, J., dissents.

MR. JUSTICE SCANLAN specially concurring: The question as to whether the plaintiff would be a trespasser on private property, if the owner of the premises were the defendant in the instant case, is not before us for determination. The city is the sole defendant, and certainly the boy, in swinging on the flower pot in his play, was not a trespasser as to it. So far as the city was concerned the plaintiff was rightfully swinging on the flower pot. (*Stedwell v. City of Chicago*, 297 Ill. 486, 490.)

MR. JUSTICE BARNES dissenting: It was unquestionably the duty of the city to remove the box as an encroachment on the street if it was chargeable with notice thereof. But it does not follow that its mere neglect to remove the same was the proximate cause of the injury. The injury did not result from the box being an obstruction to the ordinary use of the sidewalk nor from its falling upon a pedestrian by reason of defective construction. The accident apparently would not have happened had the boy not taken hold of the box to swing on it. It was his act in so doing that caused the unfastened box to fall upon him. The proof does not show that it otherwise would have fallen. In taking hold of the box he was a trespasser on private property unless it can be said that the box in that position and condition was an attractive nuisance to a child of his age which the city negligently permitted to exist. It is seemingly only upon such a theory that the judgment can stand, but the writer has found no authorities that warrant the extension of the doctrine of attractive nuisance thus far.