Edna C. Bunch, Administratrix of Estate of Ronald K. Bunch, Deceased, Appellee, v. Ida W. Padva et al., Appellants.

Gen. No. 43,912.

26

Opinion filed December 10, 1947. Rehearing denied January 9, 1948. Released for publication January 19, 1948.

BARRETT, BARRETT, COSTELLO & BARRETT, of Chicago, for appellants; SIDNEY M. GLICK, of Chicago, of counsel.

LESTER E. WILLIAMS, of Chicago, for appellee.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Defendants appeal from a judgment in favor of plaintiff for the sum of $10,000 entered on the verdict of a jury in a suit brought under the Injuries Act to recover damages resulting from the wrongful death of plaintiff's intestate Ronald K. Bunch. Defendants' motions for a directed verdict and for judgment notwithstanding the verdict were overruled.

The essential facts are uncontroverted. At about 5:30 p. m. on November 25, 1944, plaintiff's intestate Ronald K. Bunch, aged ten, accompanied by his younger brother and sister, aged nine and four, respectively, left the Melrose Park Theatre, located in the Village of Melrose Park, Illinois, and walked west on the north side of Lake street to a point where Thirtieth street, if it ran through, would intersect Lake street in the Village of Melrose Park. Lake street, known as U. S. Route 20 at Thirtieth street, is a four-lane state highway, forty feet wide, with a black line running down the center.

At about 5:30 p. m. on the day of the occurrence Kenneth Bunch, father of plaintiff's intestate, left his home, which was some distance west of the

scene of the accident, and drove east on Lake street to get his children at the Melrose Park Theatre. As he approached Thirtieth street he saw his children walking west on the north sidewalk of Lake street. Thereupon he parked his automobile on the south side of Lake street and off the pavement just east of the east side of Thirtieth street. While his automobile was in this position he opened the door on the left-hand side and looked north. In the meantime his son Ronald, followed by his younger brother and sister, walked directly south toward their father's automobile to a point one or two feet north of the center line of Lake street, where he stopped. While Ronald and the other children were walking south in Lake street, Kenneth Bunch, the father, also looked to the west and saw an automobile being driven by the defendant Ida Padva proceeding in an easterly direction in the inner south lane of Lake street about one hundred feet to the west. Defendant Ida Padva's automobile struck plaintiff's intestate, Ronald Bunch, while he was standing in Lake street, causing the injuries which resulted in his death. It is undisputed that neither defendant Padva nor the passengers in her automobile, Robert E. Bauman and Mrs. Robert Bauman, saw Ronald in the highway at or immediately before the impact. Since no point is made by defendants on the question of their negligence, we assume, therefore, that their negligence is admitted.

Defendants contend that plaintiff failed to prove that Ronald Bunch, plaintiff's intestate, was in the exercise of due care and caution for his own safety. They assert that there is no evidence in the record showing that Ronald ever looked west after he got to a point a foot or two north of the center line of the highway, and that the uncontroverted evidence is that defendants' automobile when first seen by the father, Kenneth Bunch, up to the time of the occurrence, was proceeding east in the inner eastbound lane.

The evidence discloses that there were no other automobiles eastbound on the highway in the immediate vicinity at the time of the occurrence.

Plaintiff called one Caliendo, a lieutenant of police of the Village of Melrose Park, who testified that he came to the scene of the accident shortly after it occurred and found Ronald lying in the center of the highway; that he found skid-marks twenty-five feet long commencing ten feet east of the point where Thirtieth street would intersect Lake street, and that the skid-marks made by defendant Padva's automobile indicated "there were two wheels south of the center and two wheels were about one foot north of the center line" of Lake street.

The law is well established that the question of culpability of a child between the ages of seven and fourteen is an open question of fact and must be left to the jury to determine, taking into consideration the age, capacity, intelligence and experience of the child. (*Deming v. City of Chicago*, 321 Ill. 341; *Wolczek v. Public Service Co.*, 342 Ill. 482; *Moser v. East St. Louis & Interurban Water Co.*, 326 Ill. App. 542, 62 N. E. (2d) 558.)

We think the jury could infer from the evidence that Ronald Bunch did see defendants' automobile coming from the west and that he stopped north of the center line of the highway to permit defendant Padva's automobile to pass him in the unobstructed eastbound lanes.

Defendants maintain that plaintiff failed to prove affirmatively that deceased's next of kin were free from contributory negligence. In their brief they argue that plaintiff was negligent in permitting her three minor children to go to a movie unattended knowing the children would have to cross the highway at a time when it would be dusk or dark. The evidence shows that the Bunch children went to the theatre about two o'clock in the afternoon and that it was

dusk when they left the theatre; that the father intended to transport.them back home immediately at the close of the afternoon performance. The general public, including children, have a right to use and be on a public highway. We cannot say that under the circumstances in the present case contributory negligence could be imputed to the parents.

■ Defendants insist that Kenneth Bunch, the father, was negligent in remaining in his automobile while parked, knowing that an automobile was approaching from the west, without uttering a word of warning to the deceased. In view of the circumstances it may well be that the jury believed that there was not sufficient time for the father to warn his children of the oncoming eastbound automobile, or that a warning might confuse them, or that the father had a right to assume that Ronald and the other children, being north of the center line of Lake street, were not in danger. In any event it was a question for the jury to determine.

■ We are impelled to hold that plaintiff's evidence when considered with all its reasonable inferences and intendments in its aspects most favorable to her case tended to support the charges of her complaint and that the court properly overruled defendants' motions for a directed verdict and for judgment notwithstanding the verdict.

■ ■ Defendants' next contentions are that the court erred in permitting plaintiff to read and introduce in evidence a mortality table, and that the damages are excessive. We can see no prejudice resulting from this procedure. In *Calvert v. Springfield Elec. Light & Power Co.*, 231 Ill. 290, the court said that standard life tables though admissible are not indispensable for the purpose of showing the expectancy of the life of a deceased, and the jury may make their estimate from the age, health, habits and physical condition of the deceased at the time of his death.

As to the question of damages, which defendants claim are excessive, this is peculiarly one of fact for the jury. (*Ford v. Friel,* 330 Ill. App. 136.) It is interesting to note that while the case at bar was pending on appeal in this court our legislature, recognizing the decreased purchasing power of money, has increased the statutory limit in actions brought under the Injuries Act (ch. 70, sec. 2 [Jones Ill. Stats. Ann. 38.02]) from $10,000 to $15,000.

Finally, defendants complain of plaintiff's instructions 9, 11 and 12. An instruction substantially the same as instruction number 9 here complained of was approved in *Deming v. City of Chicago,* 321 Ill. 341. An instruction similar to number 11 given in the instant case was approved in *Breslaw v. Columbia Ice & Ice Cream Co.,* 257 Ill. App. 649. And instruction number 12 was given *verbatim* and approved in *Schaffner v. C. F. Massey Co.,* 270 Ill. 207. All the foregoing instructions accurately stated the law governing the present case.

For the reasons assigned, the judgment is affirmed.

*Judgment affirmed.*

KILEY and BURKE, JJ., concur.