White v. Boydson et al., 202 Ill. App. 49.

LOESCH, SCOFIELD & LOESCH, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 50*—*when reconsignment creates new contract.* Where a consignee, after the arrival of a shipment at its destination, orders the initial carrier to turn it over to a connecting carrier for delivery to a different party, such reconsignment creates a new contract.

2. CARRIERS, § 188*—*when liability of initial carrier for acts of connecting carrier ceases.* An initial carrier is not liable for the acts of a connecting carrier after transportation has ceased.

3. CARRIERS, § 208*—*what is the nature of demurrage charges.* Demurrage charges are no part of and are separate and distinct from transportation charges, arising, if at all, after the transportation has ended.

---

**Ellen White, by Mary F. White, Plaintiff in Error, v. Frank T. Boydson and John W. Snyder, Defendants in Error.**

### Gen. No. 21,728.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed November 14, 1916.

## Statement of the Case.

Action by Ellen White, by Mary F. White, her next friend, plaintiff, against Frank T. Boydson and John

W. Snyder, defendants, in the Superior Court of Cook county, to recover for personal injuries sustained by reason of the alleged negligence of defendants. To reverse a judgment for defendants, plaintiff prosecutes this writ of error.

At the time of the accident plaintiff was a minor of the age of nine years and five months. Plaintiff's evidence tended to show the following facts: Defendants were constructing a building which had progressed to the second story, in the walls of which were openings, unbarricaded, for doors and windows. Material was raised from the first story by a hoist consisting of two platforms, each large enough to place a wheelbarrow thereon, so arranged that when one platform went up, the other went down, and operated by a cable, going over a wheel or pulley to which a horse was hitched. The hoist was inside of and near the front entrance, and a sand pile was outside of and at the rear of the building. Children played on this sand pile, and in the building. Boys played on the hoist when the workmen were absent. They would get on one platform on the second floor and their weight would cause it to descend and the other platform to ascend. Before the boys could operate the hoist it was necessary to remove an iron pin placed through the wheel so as to prevent it from turning. On the day in question, a holiday, this pin was pulled out by a boy. To get to the second floor they procured a ladder and placed it against the bricks of the second floor. Plaintiff, while playing around her home (which was across the alley), was attracted by the noise and laughter of the boys. She had never been in the building and did not know of the hoist. She entered the rear of the building, watching the boys on the hoist and the wheel revolving. When the wheel stopped she placed her hand on it, after which it again started, resulting in the loss of a finger.

White v. Boydson et al., 202 Ill. App. 49.

Edward J. Kelley, for plaintiff in error.

Busby, Weber & Miller and Arthur J. Donovan, for defendants in error.

Mr. Justice McGoorty delivered the opinion of the court.

## Abstract of the Decision.

1. Negligence, § 19*—*what are essentials of liability for maintenance of attractive nuisance.* In that class of actions based on negligence where the negligence relied on is the maintenance on defendants' land of an attractive nuisance, the elements of liability are (1) that the attractive thing be tempting to children, and constitutes a means of attracting them upon the premises, which the owner should anticipate; (2) that it be located so as to attract children from the street or from some public place where they may be expected to be; and (3) that it, or something inseparably connected with it, be the proximate cause of the injury sought to be recovered for.

2. Negligence, § 204*—*when verdict improperly directed in action for damages for negligent maintenance of attractive nuisance.* In an action by a child nine years of age to recover for the loss of a finger, alleged to be due to the negligence of defendants, contractors constructing a brick building fronting a public street, where the cause of the injury was a hoist used for raising material, alleged to be dangerous and attractive to children, evidence examined and *held* that an instruction to find defendants not guilty was erroneous, and that the evidence warranted the submission of the case to the jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.