Edward O'Donnell, a Minor, by Bessie O'Donnell, his Mother and Next Friend, Appellee, v. City of Chicago, Appellant.

Gen. No. 39,078.

Opinion filed February 15, 1937.   Rehearing denied March 1, 1937.

BARNET HODES, Corporation Counsel, QUIN O'BRIEN, A. M. SMIETANKA, SAMUEL ALLEN and ADAM E. PATTERSON, Assistant Corporation Counsel, for appellant.

JOHN A. BLOOMINGSTON, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Edward O'Donnell, hereafter called plaintiff, nine years of age, was injured when his hand came in contact with a wire charged with electricity, used for lighting street lamps, at the top of a steel pole on a public highway maintained by the defendant; he brought suit and had a verdict for $2,500. Defendant appeals.

Plaintiff alleged that defendant negligently maintained an insufficiently insulated electric light wire charged with a high voltage at the top of a steel pole with crossarms or steps for climbing the pole, in a public thoroughfare in close proximity to an athletic stadium, so as to attract children, inducing them to climb the pole, and that by reason of maintaining such attractive nuisance plaintiff received injuries of which he complains. Defendant asserts that the pole did not constitute an attractive nuisance and that defendant was not negligent as charged.

Boxing matches are held at an open air stadium, in Chicago, surrounded by a fence 10 or 12 feet high; on Lyndale street, immediately north of the stadium fence, is a line of electric light poles 25 feet high carrying wires used in lighting the streets; upon this occasion plaintiff, nine years old, of average intelligence, hearing that there were boxing matches in the stadium in the evening, went with two other boys of about the same age to see the fights; plaintiff had never been there before; the electric light poles were easy to climb; plaintiff climbed one of these poles by putting his hand into a hole about six inches in diameter on the side of the pole and pulling himself up until he could

reach the steps, when he continued on up to the top where he had a view of the prize fight then going on in the stadium; the wires were not insulated so as to prevent a shock to persons touching them but were insulated only against the weather; plaintiff's hand came in contact with one of the wires or the covering of the lamp at the top of the pole, burning his left hand and throwing him to the ground, injuring his skull. There was evidence that every time there was a boxing bout in the stadium boys climbed this pole, and that this had been going on for nearly three years before; sometimes there would be seven or eight children on this pole.

Defendant argues that the evidence fails to show that the pole itself was the attractive thing but that the prize fight within the stadium was the alluring object. An instrumentality may come within the attractive nuisance rule if it is so placed as to be part of a general environment which is attractive to children. Here the location of the pole gave a vantage point from which to watch the events within the stadium. In *Oglesby v. Metropolitan West Side El. Ry. Co.*, 219 Ill. App. 321, we held that the mere fact that an instrumentality is not in and of itself particularly attractive to children would not exclude it from the application of the attractive nuisance doctrine, and that the question in such cases was whether the owner maintained instrumentalities which, because of their location, could reasonably be expected to attract children.

The rule has been well stated in *Consolidated Elec. Light & Power Co. v. Healy*, 65 Kan. 798, where electric light wires defectively insulated ran along on timbers projecting from the side of a bridge; small boys were in the habit of climbing over the railing near the wires and one of the boys came in contact with one of these wires and was killed; his parents recovered a judgment for damages, which was affirmed by the Supreme Court. In the opinion the court pointed out

that the electric light company did not maintain the bridge and the railing which constituted an attractive climbing place for boys, but the wires were maintained in such immediate proximity to that which was attractive as to constitute them a part of the whole situation. The court said: "It put its wires within the attractive environment. It identified itself in that way with the attractive place. If one maintains a dangerous instrumentality on his own premises immediately against the premises of another, and within the sphere of the attractive influence of something on the latter, and a third one, venturing on the latter, is injured by coming in contact with the former, he would seem entitled to recovery." In *McKiddy v. Des Moines Elec. Co.*, 202 Iowa 225, the electric light pole climbed by the boy who received a fatal electric shock was located on the bank of a river; it was there claimed that the pole was not the attractive nuisance, but the court held that it was so located that the jury could properly find that it was naturally attractive to a boy as it was "located upon the edge of a river bank, where a more extended view up and down the river could be obtained from the cross-arms, as well as a view over a portion of the city."

Defendant seems to rely largely on *Burns v. City of Chicago*, 338 Ill. 89, but as pointed out in the later case of *Wolczek v. Public Service Co.*, 342 Ill. 482, involving injury to a minor climbing towers carrying high voltage electric wires, the court noted that it was held in the *Burns* case that the pole was not the attraction, but that the wager made between the plaintiff and other boys to climb it was the inducement.

The pole in the instant case was in the public street, therefore plaintiff was not a trespasser, and the jury could properly conclude that because of its nearness to the stadium and its position from which to view the

prize fights without paying an admission fee it constituted an attractive nuisance.

The evidence shows that the wires were insulated only against the weather and not so as to protect against shock a person touching them. We are of the opinion the defendant had notice of the character of the insulation.

Defendant suggests that the court made remarks prejudicial to the defendant. We do not so read them. In any event defendant made no objection to them.

We see no reason to reverse the judgment and it is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.