Richard Wilinski, by his father and next friend, Stanley Wilinski, Appellee, v. Belmont Builders, Inc., Appellant.

Gen. No. 47,030.

First District, Third Division.
May 29, 1957.
Released for publication June 20, 1957.

Crowe, Yates, Abrahamson & Fisk, of Chicago (Carl E. Abrahamson, of Chicago, of counsel) for appellant.

Edmund J. Burke, of Chicago, for appellee.

JUDGE KILEY delivered the opinion of the court.

This is an action to recover damages for personal injuries suffered by a minor child. Verdict and judgment for $2,500 were in plaintiff's favor and defendant has appealed.

Richard Wilinski, eleven years old at the time, was injured September 27, 1952, when he fell from a ladder at the rear of a building under construction by, and in possession of, defendant. Wilinski was playing "hide and go seek" with his brother and ran into the building. The building had neither doors nor windows and he entered through the front door frame. He went to the rear where a "homemade" ladder rested against the door frame and when he was descending the ladder

a rung broke and he fell to the ground and was injured.

Defendant contends that the court erred in denying its motion for directed verdict. It claims that there is no proof that the building was defective or that defendant owned or possessed the ladder. This claim presupposes the judgment must rest upon the "attractive nuisance" theory, and is addressed to the absence of proof of defendant's ownership of the ladder and to plaintiff's testimony that the ladder could not be seen from the street. Defendant also refers us to cases from foreign jurisdictions in support of its theory that neither the ladder nor "building under construction" comes within the attractive nuisance rule.

We think these claims are disposed of by the rule announced by our Supreme Court in Kahn v. James Burton Co., 5 Ill.2d 614, 624: ". . . the only proper basis for decision in such cases dealing with personal injuries to children are the customary rules of ordinary negligence cases." The court referred to the general rules with respect to absence of duty to trespassers and to the absence of right in children to go on property of others. It then pointed to the exception that exists "where a person knows, or should know," of the habits of young children in frequenting the vicinity of a defective structure or dangerous agency likely to cause harm because the children are incapable of appreciating the risk, and where the expense or inconvenience of protection or prevention is "slight compared to the risk to the children." The court said the "attraction" is significant only so far as it indicates that trespass by the children should be anticipated, "the true basis of liability being the foreseeability of harm to the child."

We think the instant complaint states facts sufficient to support a judgment based upon the ordinary negligence theory as applied to an eleven year old

boy. The alleged "attractive" element is the unguarded "tempting, open building."

The ruling on the motion for directed verdict is tested by taking only the evidence favorable to plaintiff and drawing legal inferences most favorable for him to decide whether there is any evidence to prove the elements of his case. (March v. Hirshman, 11 Ill.App.2d 245, 137 N.E.2d 279.) Thus considered, the evidence is: The construction of the building began in mid-summer of 1952; the boys in the neighborhood called the house a "fort," played "guns" and "hide and go seek" in it and played there frequently on Saturdays, Sundays and after school; nobody told them to get off the property and workmen who saw them playing in the sand in front of the building said nothing to them; there were no barricades on the doors or windows of the building, no back stairs, and no watchman; and the ladder was dangerous and unsafe.

From that evidence the jury could infer that defendant knew or should have known that the boys were playing in and about the building. It could infer that defendant should have foreseen that the open, or even partially barricaded doors would attract small boys into the building; that once a boy entered he might, in playing or investigating, walk about the unfinished building and find the rear opening; that since there were no rear stairs a workman or some other person was likely to use and leave a ladder at the rear opening; that a boy in the building would probably use the ladder in getting out the rear of the building; and that in climbing down the ladder a boy might be injured.

It is our opinion that the evidence and inferences recited were sufficient to take the case to the jury.

Defendant argues that the ladder was the instrumentality causing the injury, that it was not vis-

ible from the front where the boys habitually played and could not have attracted the boys, and that buildings under construction have been ruled not to be attractive nuisances. It was not necessary that the ladder itself be the "attraction" in order to render defendant liable if the building under construction was sufficiently attractive. (Oglesby v. Metropolitan West Side Elevated Ry. Co., 219 Ill.App. 321.) Defendant relies upon Neal v. Home Builders, Inc., 232 Ind. 160, 111 N.E.2d 280, to support the argument that the instant structure was not an attractive nuisance. There the appellant conceded that the facts alleged did not state a case of attractive nuisance. The court said it concurred because although the semi-completed building "might have been attractive to children" as a place to play there was no allegation of a latent danger negligently created by defendants. But see the dissenting opinions.

In the instant case we have proof of the latent danger in the "homemade ladder" which the boy found after being attracted to the partially completed building. We have read cases cited by the majority in the Indiana case and think that they, like the majority opinion, are not persuasive here. The dissenting opinions are more consistent with Illinois law as expressed in Kahn v. James Burton Co., 5 Ill.2d 614. We conclude that the jury could find that defendant should reasonably have foreseen that the structure would attract children.

The law is well settled that the question of contributory negligence of a boy eleven years of age must be left to the jury. (Maskaliunas v. Chicago & W. I. R. Co., 318 Ill. 142, 150.)

We see no merit in the claim that the court committed reversible error in instructing the jury. There is evidence to support an instruction that the building under construction was "attractive" to children and "lured" the boy into a "dangerous situation."

104

The jury could infer that the ladder leaning against the building was sufficiently connected to it to be considered part of the building and therefore that the condition of the building as a whole was dangerous and unsafe.

For the reasons given, the judgment is affirmed.

Affirmed.

FEINBERG, P. J., concurs.

LEWE, J., took no part.