Charles Runions, Jr., an infant, by his father and next friend, Charles Runions, Appellant, v. Liberty National Bank, a National Banking Association, Trustee under Trust No. 10422, Appellee.

### Gen. No. 47,218.

First District, First Division. .

December 16, 1957.

Released for publication February 10, 1958.

Bassler & Argiris, of Chicago for Charles Runions, Jr., plaintiff-appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel) for appellee.

PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

■ This is an appeal from an order striking an amended complaint and dismissing the suit for personal injuries brought by plaintiff. The sole question before us is whether the amended complaint states a

cause of action. For our purpose, the facts well pleaded in the amended complaint are taken as admitted and we will summarize them.

At the time of the accident plaintiff was six years old and resided with his parents in an apartment leased from defendant. The apartment was one of many in buildings owned and maintained by defendant on premises at 6320–36 University Avenue, Chicago, Illinois. These buildings consisted of numerous apartments and in connection therewith defendant maintained and controlled a playground, the use and enjoyment of which was shared in common by the tenants of the buildings for themselves, their children and guests, and garages for the storage and parking of automobiles and various appurtenances thereto. Defendant also owned and maintained a series of benches, brick walls and gates around the playground. These were constructed and maintained in such a manner as to create a steplike or ladderlike arrangement from the playground to the benches, to the gates, to the walls, and to the garage roofs, such as made it convenient and inviting for children to reach the roofs. By stepping and walking upon the benches, gates and walls they would go upon the roofs to play. From the commanding heights of the garage roofs they would lean over the east edge and survey the playground. From the west edge, which was constructed and maintained without a parapet or wall, they would survey an alleyway. Plaintiff on the occasion in question thus reached the roof of the garage and fell off the westernmost edge, that part which had been constructed and maintained without a parapet, wall or other protective device, and was severely injured. Defendant, it is charged, knew or should have known of these conditions and should have taken steps to prevent them, but that nothing was done to correct the dangerous risk or hazard although the danger was great.

Plaintiff relies upon Kahn v. James Burton Co., 5 Ill.2d 614 (1955). That case marks a departure from the traditional standards developed by the law in cases in which children are attracted to and trespass upon premises and are injured as a result thereof. All cases of this character must now be examined in the light of the Kahn case. Prior authorities must yield to the principles therein set forth. Previously such cases had been set apart in the category known as "attractive nuisance" cases. The Supreme Court in the Kahn case deplored this inclination to find a *"stare decisis* pigeonhole or category" because such procedure led to irreconcilable conclusions. The court cited instances of confusion in decisions. It laid down certain general principles governing cases such as the one before us, and we have carefully examined that opinion to determine whether the amended complaint here states a case within those principles.

In the Kahn case a lumber company delivered a load of lumber upon premises on which a house was being constructed. The lumber had been ordered by the contractor, and was unloaded and placed on the ground according to the uniform general practice of lumber dealers in Chicago. The plaintiff, an infant, was attracted to the pile of lumber, climbed up, using a steplike formation created by the uneven piling of the boards, and while he was on the top of the pile, planks gave way causing him to fall, with some of the heavier planks falling on him. The jury found for the plaintiff and against the two defendants, the lumber company and the contractor. The court held that (p. 621):

". . . the questions whether the lumber was so piled as to create an unreasonable danger to children playing thereon, and whether it was so attractive to children as to suggest the probability that children would climb onto it, were questions for the jury under the circumstances shown in the record."

540

At page 625 the court said it recognized the law that an owner or one in possession and control of premises is under no duty to keep them in any particular state or condition to promote the safety of trespassers, citing Briney v. Illinois Central Railroad Co., 401 Ill. 181, and Darsch v. Brown, 332 Ill. 592, and that infants have no greater rights in this respect than adults, save as to an exception which the court then proceeded to state in the following language:

"It is recognized, however, that an exception exists where the owner or person in possession knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk involved, and where the expense or inconvenience of remedying the condition is slight compared to the risk to the children. In such cases there is a duty upon the owner or other person in possession and control of the premises to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it. (Wagner v. Kepler, 411 Ill. 368). The element of attraction is significant only in so far as it indicates that the trespass should be anticipated, the true basis of liability being the foreseeability of harm to the child. Whether the lumber pile was sufficiently attractive to entice children into climbing upon it, whether its condition would involve danger from such activity, and whether the contractor should have anticipated the probability of the accident, were matters for determination by the jury. City of Pekin v. McMahon, 154 Ill. 141."

As applied to the instant case the principles of the Kahn case would determine the issues to be whether the garage roofs were sufficiently attractive to entice children into climbing upon them, whether this would involve danger from such activity, and whether the

541

defendant should have anticipated the probability of the accident. An examination of the amended complaint leaves no doubt whatever that these were adequately set forth. It is charged that the place is one where defendant knew or should have known that children were liable to play and to climb the ladder-like arrangement before referred to and to reach the garage roofs and that the roofs, by reason of the lack of protection on one side, created an unreasonable danger to them. It states a factual situation stronger than that set forth in the Kahn case. Courts have specifically recognized the instinct of a child to climb, to reach a roof by means of a latticed structure or pole. Gillespie v. Sanitary Dist. of Chicago, 315 Ill. App. 405, 416 (1942); Burns v. City of Chicago, 338 Ill. 89, 96–7 (1930).

Defendant has argued that the amended complaint contains only conclusions and inferences, not averments of fact. We think the allegations with respect to the construction and maintenance of the playground, benches, gates and walls so as to create a steplike effect enabling children to climb to the roof were all properly pleaded averments of fact. The amended complaint states a cause of action, and defendant should be required to answer.

The order is reversed and the cause is remanded with directions to overrule the motion to strike, to direct the defendant to answer, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Order reversed and cause remanded with directions.

McCORMICK and ROBSON, JJ., concur.