John S. Halloran, a Minor by John J. Halloran, His Father and Next Friend, Appellant, v. The Belt Railway Company of Chicago, Wabash Railroad Company, and Consumers Company, Appellees.

Gen. No. 47,885.

First District, Second Division.

March 8, 1960.

Rehearing denied April 19, 1960.

Released for publication April 22, 1960.

James A. Dooley, of Chicago, for plaintiff-appellant.

Tom L. Yates, of Chicago (L. J. Locke, of counsel) for Consumers Company, defendant-appellee.

PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is a personal injury suit with summary judgment for Consumers Company, one of the defendants. Plaintiff has appealed, as the trial court found there was no just reason for delaying the enforcement or appeal.

On September 10, 1957, plaintiff, then thirteen years old, was severely injured when he slipped and fell under a moving train, north of, and about 30 feet from, a sand pile on the premises owned by Consumers, upon which he had been playing.

The train was being operated on an east and west railroad embankment, at or near 75th Street and Ra-

cine Avenue, Chicago. 75th Street runs east and west and adjoins the embankment on the north. The Consumers' material yard adjoins the embankment on the south and runs east and west from Racine Avenue, a north and south street. There were six sets of tracks on the embankment, and the two southerly tracks, adjoining Consumers' premises, were switch or storage tracks. Plaintiff was injured on the main line tracks, the third set from the north.

Consumers filed an answer and moved for a summary judgment. The court, after considering the pleadings, discovery depositions and exhibits attached thereto, allowed the motion and entered judgment on July 2, 1959. It found "no genuine issue of any material fact" between plaintiff and Consumers.

Consumers had been storing sand in the material yard since 1911, in piles running east and west alongside the embankment, some of which were 5 to 10 feet higher than the railroad tracks, and on September 10, 1957, "the sand piles were over the first track . . . and to the second track." There was no fence around the property at any time, and children had been playing in the sand and around the brick piles since the yard was built. At Racine Avenue there was a stairway to the north of the embankment for the use of train passengers, and children habitually used the stairway and crossed over the tracks to get to and from the sand piles. On the day in question, at about five o'clock in the evening, several boys were on the sand pile, and Consumers' watchman told them to get off before "they got hurt. . . . There was some boys in the sand pile when I came back. I don't know whether they were the same boys that were involved in the accident."

Plaintiff had played on the Consumers' sand pile with various boys on five or six occasions, and each time they used the embankment stairway and crossed

117

the tracks to get to the sand pile. On the day of the occurrence two boys in the neighborhood invited him to play on the sand pile, and the three of them walked to 75th and Racine Avenue, went up the stairs north of the embankment and crossed the tracks southwesterly to the sand pile. The day was clear and dry. They got to the sand pile about 4:45 in the afternoon. The sand pile overflowed onto two of the tracks, and they played on it, jumping off the top of the sand pile onto the tracks. His two playmates left the sand pile and walked west between the third and fourth set of tracks. He followed them, with the intention of persuading them to return to the sand pile. He was not going back to the stairway platform, in order to get down into the street, but was walking west between the third and fourth set of tracks, when he heard a train approaching from the east, going west. As he tried to get out of the way, he slipped and fell under one of the cars behind the engine, receiving injuries which resulting in a leg amputation.

The principal question before us is whether the summary judgment was proper.

 This procedure may not be used to impair the right of trial by jury. Its purpose is not to try an issue of fact, as it is only when the undisputed facts are susceptible of but a single inference does the issue become one of law. (Inland Steel Co. v. Industrial Commission, 18 Ill.2d 70, 78 (1959).) Questions which are composed of factors sufficient to cause reasonable men to arrive at different results should never be determined as matters of law. (Ney v. Yellow Cab Co., 2 Ill.2d 74, 84 (1954).) Defendant's right to judgment must be free from doubt. If the pleadings, discovery depositions and exhibits present a genuine issue as to any material fact, the judgment order ought not to have been entered. Naus v. Joanna-Western Mills Co.,

18 Ill.App.2d 85, 92 (1958); Allen v. Meyer, 14 Ill.2d 284, 292 (1958).

We believe the rule announced in Kahn v. James Burton Co., 5 Ill.2d 614 (1955); Wilinski v. Belmont Builders, Inc., 14 Ill.App.2d 100 (1957); and Melford v. Gaus and Brown Construction Co., 17 Ill.App.2d 497 (1958), is decisive here. Every person owes to all others a duty to exercise care to guard against injury, which may naturally flow as a reasonably probable and foreseeable consequence of his act, and the law is presumed to furnish a remedy for the redress of every wrong. The duty to exercise ordinary care to avoid injury to another can extend to remote and unknown persons. The creator of conditions, dangerous and hazardous to children, because of their immature appreciation of such dangers and hazards, must be held to a standard of conduct for the protection of such children, in accordance with the attendant circumstances and conditions. Kahn v. James Burton Co., 5 Ill.2d 614, 622; 28 I. L. P., Negligence, § 64.

We believe the rule may be reasonably applied so as to render Consumers liable for injuries to children, where it is responsible for the creation of the attraction, notwithstanding Consumers does not own or control the premises on which plaintiff was injured. It had notice, direct or otherwise, that children habitually came upon its premises to play upon the sand piles. A duty arose to exercise due care for their safety, if they were exposed to danger in the immediate approach to its premises. (Rost v. Parker Washington Co., 176 Ill. App. 245 (1913).) The attractiveness of the premises or the instrumentality is an important and controlling factor. Follett v. Illinois Central R. R. Co., 288 Ill. 506 (1919); O'Donnell v. City of Chicago, 289 Ill. App. 41 (1937); Oglesby v. Metropolitan West Side El. Ry. Co., 219 Ill. App. 321 (1920).

119

It is unnecessary for us to review the many sand pile cases cited by both sides, which more or less hold that sand *per se* is not dangerous. In the instant case, it is true that plaintiff, after leaving the sand pile, started to walk west on the tracks, following his companions, and was 30 feet from the sand pile. However, he was still in the same dangerous environment into which he had been attracted and allured by the sand pile. Whether the sand pile was sufficiently attractive to entice children into playing upon it, whether its location would involve danger in reaching it, and whether Consumers should have anticipated the probability of injuries to children, either from the sand pile itself or in crossing the tracks to reach it, were matters for determination by the jury.

We conclude that triable issues of fact exist, and the trial court was in error in entering judgment for Consumers Company on its motion for summary judgment. The order of the trial court is reversed and the cause remanded with directions to proceed in accordance with the views expressed herein.

Reversed and remanded with directions.

KILEY and BURMAN, JJ., concur.