Hugh Henry, Administrator of the Estate of Laureace
L. Henry, Deceased, Plaintiff-Appellant, v. Robert
Kettell Construction Corporation, a Corporation,
and Donald F. Stearn, Defendants-Appellees.

Gen. No. 11,805.

Second District, Second Division.

December 5, 1963.

Corrigan and Mackay, both of Wheaton (John R.
Mackay, of counsel), for appellant.

Charley Popejoy, of Glen Ellyn (Nelson W. Rider and George W. Unverzagt, of counsel), for appellees.

WRIGHT, J.

This is a wrongful death action instituted by the plaintiff, Hugh Henry, Administrator of the Estate of Laureace L. Henry, deceased, against the defendants, Robert Kettell Construction Corporation and Donald F. Stearn, to recover damages for the death of an infant, Laureace L. Henry, allegedly occasioned by the negligence of the defendants.

The trial court on motion of the defendants dismissed and struck the plaintiff's third amended complaint and entered judgment that defendants go hence without day. From this order plaintiff appeals.

The third amended complaint alleges that on September 18, 1961, the defendant, Donald F. Stearn, was an employee and agent of the defendant corporation and was the operator of a certain motor vehicle owned by the defendant corporation; that the corporation had or claimed to have some right, title and interest to Lots 1 and 2 in a certain subdivision in DuPage County, Illinois, was in actual or constructive possession of such real estate and had partially erected a residence structure on Lot 2; that on Lot 2 the defendant corporation had stored various building materials and equipment in the partially erected residence and placed or permitted to be placed on Lot 1 the following items: a gasoline tank; a portable oil tank; a semitrailer; a pickup truck; and private automobiles of various agents, servants or employees of the defendant corporation; that on Lot 2 a pile of top soil was placed in the rear and front yards adjoining the partially erected residence on which children played and there was installed a water faucet on Lot 2 which was used by children. It is further alleged

357

that the defendants and each of them knew or in the exercise of reasonable care should have known that children of tender years were habitually allured and attracted onto the described real estate by reason of the activity taking place in the course of constructing the said residence, by reason of the placement of the described equipment and top soil and installation of the said water faucet on the described real estate and by reason of the use of the partially erected residence as a storage place. It is further alleged that the defendants and each of them knew or in the exercise of reasonable care should have known that the described real estate was dangerous to children of tender years, which they, by reason of their immaturity, were incapable of appreciating or understanding.

It is further alleged that the minor decedent was three years of age and was in the exercise of that care commensurate with her age, experience, intelligence, capacity and discretion; that it was the duty of the defendants to conduct their activities on the described real estate so as to not negligently cause injury or death to the minor decedent; that the minor resided with her parents upon premises contiguous in whole or in part to the described real estate and that she saw the said alluring and attractive conditions on the described real estate including the motor vehicle being operated by the defendant, Donald F. Stearn, and being attracted and allured thereby, went upon the described real estate to play; that while the infant was on the real estate described that she was struck and killed by a truck negligently operated by the defendants upon premises under their control.

It is the theory of the plaintiff that he has stated a cause of action, both under the Illinois attractive nuisance doctrine and under common law principles of negligence and that the trial court erred in sustaining

defendants' motion to strike the third amended complaint and entering judgment for defendants.

Defendants contend that the third amended complaint fails to state a cause of action for the reason that it is not alleged that the decedent was injured by the use of the objects or things which attracted her to the premises. With this contention we cannot agree.

It is a well established rule that infants have no greater rights to go upon the lands of others than adults, and the fact of their infancy imposes no duty upon the owner of land to accept them or prepare for their safety. Burns v. City of Chicago, 338 Ill 89, 169 NE 811; McDermott v. Burke, 256 Ill 401, 100 NE 168.

The exceptions to this rule are where the land owner maintains an attractive nuisance upon the premises, Wolczek v. Public Service Co., 342 Ill 482, 174 NE 577, or, even in the absence of a dangerous attraction, where the owner knows that small children customarily play on the property. Wagner v. Kepler, 411 Ill 368, 104 NE2d 231.

■ ■ Realistically the doctrine of "attractive nuisance" serves only one purpose and that is in regard to the status of the infant on the premises. Once an infant of tender years because of his immature judgment and inability to appreciate certain conditions is attracted and allured to the premises, he is no longer a trespasser but is to be regarded as an invitee. Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836. In such case, there is a duty upon the owner or other person in possession and control of the premises to which the child is allured to exercise due care so as not to negligently injure him while he is upon the premises. Ramsay v. Tuthill Bldg. Material Co., 295 Ill 395, 129 NE 127; City of Pekin v. McMahon, 154 Ill 141, 39 NE 484.

In the case before us, the attractiveness of the premises or instrumentalities is an important and controlling factor. An instrumentality may come within the attractive nuisance rule if it is so placed as to be a part of a general environment which is attractive to children. O'Donnell v. City of Chicago, 289 Ill App 41, 6 NE2d 449.

Whether or not the partially erected residence with the construction equipment therein, the pile of top soil in the rear and front of the residence, the construction equipment on the premises or the water faucet located thereon were sufficiently attractive to allure and attract children onto the premises to play and whether or not the defendants knew or should have known that children were being attracted to the premises present questions of fact for the jury. Likewise, whether or not the defendant should have anticipated the probability of injuries to children upon said premises, and whether the defendants were negligent in the operation of their vehicle upon said premises which resulted in the injury and death of the decedent were all matters for determination by the jury. Kahn v. James Burton Co., supra; Halloran v. Belt Ry. Co. of Chicago, 25 Ill App2d 114, 166 NE2d 98.

We conclude that plaintiff's third amended complaint, which alleges in substance that the defendants and each of them knew or in the exercise of reasonable care should have known that children of tender years were habitually allured and attracted onto the premises of the defendant corporation by certain conditions and instrumentalities alleged to be attractive nuisances, and which further alleges that the decedent having been attracted there by such conditions was injured by the negligent operation of a truck, owned by defendant corporation and being operated by defendant, Donald F. Stearn, it's employee, states a

cause of action, and the trial court erred in striking the third amended complaint and entering judgment for defendants.

The judgment order of the trial court is reversed and the cause remanded with directions to proceed in accordance with the views herein expressed.

Reversed and remanded with directions.

CROW, P. J. and SPIVEY, J., concur.