(No. 81-CC-2165—

VIRGINIA GRIFFIN, a minor, by Kent Griffin, her father, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 8, 1983.*

EDWARD A. WOLLER, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This is a claim brought by Virginia Griffin, a minor, by her father, Kent Griffin. The minor Claimant seeks damages from the State of Illinois for injuries received by her as a result of an incident that occurred on October 19, 1980, on the grounds of the Kewanee National Guard Armory in Kewanee, Illinois. Claimant was playing on piles of leaves on the Armory grounds and cut her leg on broken glass which was hidden under the leaves.

From the evidence presented, it appears that on October 19, 1980, the seven-year-old Claimant was visiting her grandmother along with her mother and four other children. Her grandmother's home is located three houses west of the Armory on First Street in Kewanee. The Claimant, along with the other children, proceeded down First Street and began playing in the area directly south of the Armory storage building. Specifically, the children were playing in a grassy area lying between the First Street sidewalk and a fence located approximately seven feet north of the sidewalk. The fence surrounded the Armory storage area. The area between the fence and sidewalk is Armory property and was the occurrence site.

The minor Claimant, at some point, jumped onto a pile of leaves that had accumulated in the area. Buried beneath the leaves were pieces of broken glass, apparently from bottles thrown from passing cars. While playfully sliding on the leaves, Claimant's right leg was rather severely cut by a piece of the hidden glass. There is no question that Claimant has suffered serious and per-

manent injuries as a result of the injury to her leg. The issue in this case is liability.

As we have said many times, the State is not an insurer against accidents that occur on its property. In order for Claimant to recover, she must prove that the State was negligent and that such negligence was the proximate cause of her accident and resultant injuries. (*Bloom v. State* (1957), 22 Ill. Ct. Cl. 582.) In this case, Claimant attempts to demonstrate negligence by the State and impose liability through the doctrine of attractive nuisance, because in this case the Claimant is a trespassing child.

In order to recover under the attractive nuisance doctrine in this State, it has historically been held that Claimant must show: (1) that the premises under the control of the defendant were maintained in a way that was attractive to children of tender years and defendant knew, or should have known, that children frequented the premises; (2) that a dangerous agency or condition for children existed on the premises; (3) that defendants knew, or should have known, of the dangerous condition or agency; (4) that defendant failed to remedy or correct the dangerous condition or agency, or to protect children from the danger; and (5) that the dangerous condition caused injury to the child. See *Andrews v. General Contracting Company* (1962), 37 Ill. App. 2d 131, 185 N.E.2d 354.

The test enumerated above has been refined somewhat, so that for all practical purposes the application of the rules of ordinary negligence cases actually govern the outcome of suits by child trespassers. The supreme court in *Kahn v. James Burton Company* (1956), 5 Ill. 2d 614, 126 N.E.2d 836, and the appellate court in *Wilinski v. Belmont Builders* (1957), 14 Ill. App. 2d 100, 143 N.E.2d

269, has said, for example, that the element of attractiveness is significant only insofar as it is indicative that the trespass should be anticipated, the true basis of liability being the foreseeability of harm to the child. Nor is it an automatic bar that the dangerous condition was not purposely placed by the Respondent on the area in question. See *Wilinski, supra.* It is very relevant, however, on the question of foreseeability.

There is no question that Claimant was injured by a dangerous condition existing on Respondent's property. The more difficult issue is whether the Respondent knew, or should have known, of the dangerous condition.

Although we are very sympathetic toward the plight of the Claimant, we feel this case must be resolved in favor of the State. The evidence fails to demonstrate that the State knew, or should have known, of the dangerous condition as it existed on October 19, 1980. On this point, the most that can be said from the proofs is that there were prior occasions when bottles were apparently thrown from passing cars traveling on First Street near the Armory area in question. Broken glass on occasions prior to the date of the occurrence in question was found on the accident site by Armory employees and was cleaned up when it was encountered during routine maintenance procedures. In fact, the evidence was quite clear that the Armory grounds, including the accident location, were well maintained.

Blowing leaves during the autumn season of course are not unusual. Testimony of Armory maintenance men indicated that leaves were routinely raked during the autumn season. As a matter of fact, one Armory janitor testified that the accident area was inspected and cleaned as recently as the week preceding the accident. No glass was found at that time.

It is not necessary to discuss the evidence in detail. It suffices to say that the Armory grounds were consistently maintained, that broken glass was sometimes encountered and sometimes it was not. There was no evidence presented that on October 19, 1980, the State knew of the dangerous condition nor was it shown that the State should have known about that condition. The sporadic accumulation of blowing leaves and the sporadic breaking of glass in the area cannot stand as notice to the State of the dangerous condition which existed on October 19, 1980. To rule otherwise would require the State to inspect, rake, and otherwise maintain its grounds literally on a continuing basis. The State's lack of control over the happening of the two events, in this case, negates the necessary element of foreseeability as to this particular occurrence.

Simply stated, the prior incidents of bottle throwing and leaf accumulation are not sufficient to charge the State with knowledge of the existence of the dangerous condition which led to Claimant's injuries. The cases cited by Claimant in her brief are not controlling here. In those cases the Claimants clearly knew or should have known of the dangerous condition existing on the premises within their control. See, for example, *Kahn, supra; Wilinski, supra; Andres, supra; Runions v. Liberty National Bank* (1957), 15 Ill. App. 2d 538, 147 N.E.2d 380; *Kleren v. Bowman* (1957), 15 Ill. App. 2d 148, 145 N.E.2d 810; *Melford v. Gaus & Brown Construction Company* (1958), 17 Ill. App. 2d 497, 151 N.E.2d 128.

For the foregoing reasons it is hereby ordered that this claim be, and hereby is, denied.