(No. 87-CC-4140–)

MYOUNG MA AND BOK SOON MA, Individually and on behalf of their son, JI WONG MA, a minor, Claimants, v. THE STATE OF ILLINOIS, Respondent.

*Order filed May 17, 1993.*

GEORGE J. NETT, for Claimant.

DUNN, GOEBEL, ULBRICH, MOREL & HUNDMAN, for Respondent.

## ORDER

JANN, J.

The Claimants filed their complaint in the Court of Claims on June 17, 1987. Claimants allege that the State was negligent in constructing and maintaining a pipe system on the campus of Western Illinois University so close to a children's play area that it became a dangerous condition. Claimants further allege the State failed to warn residents of the danger. Claimant, Ji Wong Ma, fell off the pipe while playing on the pipe and suffered a skull fracture. The Claimants seek damages of $100,000 per Claimant.

A hearing was held before the commissioner on October 8 and 9, 1991. Both parties filed briefs.

## THE FACTS

Claimants, Myoung Ma and Bok Soon Ma, are the parents of Claimant, Ji Wong Ma, who was born on June 8, 1983. Ji Wong Ma was injured on January 14, 1987,

when he fell from a pipe on the campus of Western Illinois University. At the time of the accident, Ji Wong Ma was three years and seven months old. Myoung Ma was a student at Western Illinois University and Bok Soon Ma was a homemaker. At the time of the trial, Ji Wong Ma was eight years old and he was attending school in the third grade. The Mas lived in an apartment in East Village which is an apartment complex on the Western Illinois University campus. Outside the apartment is a children's play area. Down the hill from the play area is a grassy, woody area with heating pipes above the ground.

On January 14, 1987, Ji Ma and his brother, Il Ma, and three other Korean children were playing on the playground near the residence of their parents. At the time of the accident, Il Ma was five years old. Il Ma testified he does not clearly remember the accident. Of the five children playing, Il Ma was the oldest. Initially, the boys' mother, Bok Soon Ma, was with the children on the playground sitting at a picnic table with two friends. When Myoung Ma came home for lunch, Bok Soon Ma went inside her apartment at East Village.

After Bok Soon went inside, the children headed down the hill for the pipes at the bottom of the hill. Two adults remained sitting at a picnic table at the time of the accident. These adults could not see the pipes from the table where they were sitting. All of the children had been playing on the pipes before the Claimant fell from a pipe.

Ji Wong Ma was the first child to climb out on the pipe. Il Ma testified he thought it was dangerous. He was scared of the pipe and had told his brother to stay on the lower parts. Ji Wong Ma crawled out on the pipe and fell off upside down. Ji Wong Ma fell from the second bend

in the pipe. The pipes come out of the side of the hill on the ground and are held above the ground by a suspension system.

Il Ma did not see his brother fall. The other children's yelling caused him to turn and he saw his brother was already on the ground. After Ji Wong Ma fell, the other children started running towards their home at East Village. Il Ma said a black man carried Ji Wong Ma to the Ravine Room between Washington and Lincoln dormitories. The other children led the man to the apartment of Myoung and Bok Soon Ma.

Ji Wong Ma fell from a steam pipe at a height of about seven feet and hit his head on a solid object, which was likely a part of the structure itself, causing an open depressed skull fracture. The structure was constructed by Respondent approximately 21 years before the date of the fall, and remained substantially the same from the time of construction until the date of the accident. East Village was in existence prior to the construction of the pipe structure and has been used for married student housing since it was built. From the time that the pipe structure was constructed until 1971, there was a creek running under the pipe structure.

The Claimants had moved into East Village approximately six months prior to the date of the accident. Myoung Ma had been in the United States less than four years, while Bok Soon Ma and Ji Wong Ma had been in the United States approximately six months. On the date of the accident, Bok Soon Ma and Ji Wong Ma spoke practically no English, while Myoung Ma's English was not fluent.

Claimants, Myoung Ma and Bok Soon Ma, both testified that they knew of the pipes. The children had

played outside daily for five to six months on an average of one to two hours. Bok Soon Ma had observed the pipes prior to the accident. Bok Soon Ma knew that her children had played on the pipes once while they were walking. Claimants, Bok Soon Ma and Myoung Ma, the parents, were in their apartment at East Village at the time of the fall. They had been inside for 20 minutes before the man came to the door to inform them of the accident.

In addition to the children being unsupervised by Claimants, Bok Soon Ma and Myoung Ma, on the date of the accident, Officer Gene Clark of the university police testified that he had observed Ji Wong Ma playing unsupervised in Sherman Hall in December of 1986. At that time, there were three to five children who were also unsupervised. Sherman Hall is three blocks from East Village where Claimants resided.

Officer Clark, who had worked at the university for 13½ years, was the public safety officer who responded to a radio call of an injured child in the Ravine Room between the Lincoln and Washington dormitories on the date in question. When he arrived, Ji Wong Ma was walking around. He was agitated and would not let the officer get close to him until his father arrived. Officer Clark offered to take the whole family to the hospital. They declined. The Mas took Ji Wong Ma to the Macomb Hospital. After some initial treatment, Ji Wong Ma was taken to the Peoria Hospital. He was in the hospital for seven to eight days. The medical bills which arose out of that treatment exceed $8,100. Ji Wong Ma suffered a depressed skull fracture when he fell. He had one focal seizure after the fall.

As a result of the accident, Ji Wong Ma has a scar on the right side of his head near the back which is in a comma shape. This scar is not visible. Both medical doctors

testified there was no permanent injury to Ji Wong Ma in their respective depositions.

Ji Wong Ma was eight years old and in the third grade at the time of the trial. He makes good grades and participates in numerous physical activities that boys his age would normally participate in.

There was no evidence presented that Respondent had knowledge that young children habitually frequented the vicinity around the pipes. Additionally, the testimony from numerous witnesses was that there had been no previous accidents on the pipes.

Officer Clark had worked at Western Illinois University as a public safety officer for 13½ years. He had also been an emergency medical aid technician since 1982. Officer Clark testified he knew of no other accidents on the pipes during his 13½ years on the force. Likewise, George Goehner who worked for the university for 23 years in a number of positions with the housing and physical plant departments also testified he had no official or personal knowledge of children being injured while playing in the vicinity of the pipes.

Respondent's witnesses, E. F. Raymond and Carol Hornell, searched the safety and police reports. They did not find any reports of children playing on the pipes or injuries arising therefrom. E. F. Raymond was the assistant director of the physical plant for 27 years at the university. In addition to reviewing the records, he stated he had no personal knowledge of personal injuries arising in the vicinity of the pipes.

## THE LAW

We must first determine whether the State was negligent in its construction or maintenance of the steam

pipe system. Claimants presented no evidence or testimony to prove negligence in the construction or maintenance of the steam pipe system. Respondent presented testimony that such a system is not unusual and that the presence of a small stream through the ravine (which the piping traverses) at the time of construction of the system made its design appropriate. Claimants offered no proof of failure to maintain the system other than the implication that it should be modernized. We find Respondent was not negligent in the construction or maintenance of the steam pipe system.

Claimants further assert negligence in the maintenance of the play area near the steam pipe system which they contend constitutes a dangerous condition. Claimants' exhibits indicate the play area is adjacent to the East Village complex. The testimony at hearing disclosed that the pipe system is approximately 300 to 400 feet from the center of the play area. The steam pipes are located in a ravine which has steep sides, one of which slopes away from the west perimeter of the play area. As Claimant Ji Wong Ma is and was a minor child at the time of his injury, several additional issues arise. Although Claimants' complaint did not explicitly state a charge of attractive nuisance, arguments made at hearing and in Claimants' brief indicate reliance on said doctrine. Respondents assert Ji Wong Ma's parents were contributorily negligent in failing to supervise their child and any finding by the Court for Claimants should be reduced accordingly.

We next address whether the steam pipes constituted a dangerous condition and whether the State had actual or constructive notice of a dangerous condition. In order to prevail upon a negligence cause of action, claimant must establish the existence of a duty, a breach of said duty, and an injury which proximately results from said

breach. *(Ondes v. State* (1991), 43 Ill. Ct. Cl. 272.) The existence of a legal duty requires more than a possibility of occurrence, and the State, like any other party, is charged with such a duty only when harm is legally foreseeable. The issues of foreseeability and duty involve a myriad of factors, including the magnitude of the risk involved, the burden of requiring the State to guard against the risk, and the consequences of placing such a burden on the State. *Wilson v. State* (1989), 41 Ill. Ct. Cl. 50; *Ondes v. State* (1991), 43 Ill. Ct. Cl. 272.

The duty owed an invitee is set forth in *Ondes, supra,* at 276, and *Thornburg v. State* (1985), 39 Ill. Ct. Cl. 76. A landowner has an obligation to use reasonable care and caution to keep his premises reasonably safe for use by a business invitee. However, a landowner is not an insurer of the safety of his invitees. Invitees assume normal, obvious or ordinary risks attendant to the use of premises. A landowner is not required to give precautions or warnings where such dangers or risks are evident in order to exercise the duty of reasonable care toward invitees unless the facts indicate the landowner should have anticipated the harm despite such knowledge or obviousness.

The record clearly shows that the steam pipe system was open and obvious and that Claimants Myoung Ma and Bok Soon Ma were personally aware of the existence of the system and its proximity to their apartment. Mrs. Ma had also warned her children not to play on the pipes, indicating that she acknowledged the patent risk involved. *Ergo,* we must determine whether the State had actual or constructive notice that harm should be anticipated despite the open and obvious nature of the system. Claimants presented no evidence that young children habitually played on the pipes. Respondent's records disclosed no

complaints or reports of injury resulting from similar activity in at least 10 years. Wherefore, we find the State has met its duty of reasonable care to Claimants Bok Soon Ma and Myoung Ma and had no duty to post warnings or issue precautions regarding the pipe system.

Under Illinois law, Claimant Ji Wong Ma, a minor aged three years, seven months at the time of his injury, is not held to the same standard of responsibility for his personal safety as an adult. *Russell v. State* (1990), 42 Ill. Ct. Cl. 83, enunciates a standard which is essentially a "reasonable minor" test. A reasonable minor is expected to act with a degree of care which would be commonly expected of a person of similar age, mental capacity and experience under similar circumstances. No evidence was introduced to indicate Claimant Ji Wong Ma lacked the mental capacity of a typical 3½ year old. He had lived with his parents at the location in question for approximately six months. He testified that he had played on the pipe system prior to the accident and had been told by his mother that he was not to play there. Il Ma, minor Claimant's brother, also testified he had warned Ji Wong Ma that playing on the pipes was dangerous. Claimant's brief implies that as Ji Wong Ma and his mother spoke very little English, they were somehow incapable of ascertaining the risks imminent in a small child playing on the piping. Testimony by all three Claimants refutes this contention. We find the doctrines set forth in *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, and *Young v. Chicago Housing Authority* (1987), 162 Ill. App. 3d 53, 515 N.E.2d 779, are controlling in the case now before us. *Young, supra,* affirmed *Alop, supra,* stating that a "commonsense" principle applies in such cases. If a child crawls or climbs onto a structure some distance from the ground, he is presumed

to know that a fall may result in injury. The reasoning behind the court's finding was that such activity presented an obvious risk which children encounter in daily life. Although the children in *Young* and *Alop* were ages six and five, respectively, we find the record presents no reason why Claimant Ji Wong Ma should not be held to the same standard. We therefore find that Ji Wong Ma was aware of the risk of injury inherent in playing on the pipes and Respondent has not breached its duty of reasonable care owed to Claimant.

Claimants' brief and certain arguments at hearing indicate reliance on the doctrine of attractive nuisance. *Griffin v. State* (1983), 36 Ill. Ct. Cl. 206, discusses the historic application of the doctrine and holds that

"for all practical purposes, the application of the rules of ordinary negligence cases actually govern the outcome of suits by child trespassers. The element of attractiveness is significant only insofar as it is indicative that the trespass should be anticipated; the true basis of liability is the foreseeability of harm to the child."

The *Griffin* court went on to apply the findings of *Alop* and *Young*, previously discussed in this opinion, which held there is no duty to remedy a condition if it involves risks which children may appreciate and avoid. We, therefore, find Claimants have failed to prove Respondent negligent under an attractive nuisance theory.

For the foregoing reasons, we must deny the claims of Ji Wong Ma and his parents Myoung Ma and Bok Soon Ma. This claim is hereby dismissed.